389 So.2d 313 (1980)
STATE of Florida, Appellant,
v.
Kevin GROOMS, Appellee.
No. 80-539.
District Court of Appeal of Florida, Second District.
October 17, 1980.
*314 Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellant.
William A. Patterson of Masterson, Rogers, Patterson, Masterson & Lowe, St. Petersburg, for appellee.
CAMPBELL, Judge.
Grooms was arrested on September 8, 1979, and released two days later. Subsequently, an information was filed charging him with battery of a law enforcement officer in violation of Section 784.07, Florida Statutes. Grooms did not appear at his arraignment on October 16, at which time a public defender was appointed to represent him, and his trial was set for January 17, 1980. Grooms' appointed counsel was present when the trial date was announced in open court. A written notice of the January 17 trial date was sent to the public defender's office and to Grooms on November 27. Grooms' copy was apparently mailed to the jail from which he had been released earlier. Grooms evidently never received the written notice of trial. On November 28, the public defender was allowed to withdraw because Grooms had retained private counsel. Grooms failed to appear in court on January 17, and a capias was issued for his arrest. He was arrested on January 23 and a new trial date was set for March 25. A motion for discharge was filed on March 21, alleging the state had failed to bring Grooms to trial within 180 days as required by Florida Rule of Criminal Procedure 3.191. The circuit court granted the motion and the state appealed. The state urges that the motion should have been denied because Grooms failed to appear on the original trial date and was, therefore, not continuously available for trial. We agree.
The issue before us simply stated is whether notice to a defendant's attorney of the date he is scheduled for trial is notice to the defendant. We answer this question in the affirmative.
In Reizen v. Florida National Bank, 237 So.2d 30 (Fla. 1st DCA 1970), Reizen was ordered to appear before the circuit court to be sentenced for contempt or to show cause why sentence should not be imposed. The order was not personally served upon Reizen, but was served upon his attorney. Reizen failed to appear at the show cause hearing and the court entered its order of contempt and sentenced him to ninety days. Reizen sought to set aside the sentence on the ground that he had not received personal notice of the hearing. The First District upheld the sentence upon finding that the proceedings against Reizen were still in progress and his attorney still represented him when the notice was sent. Under these circumstances, the court reasoned service of the notice upon the attorney was proper.
Likewise, in the instant case, neither the proceedings nor the public defender's representation of Grooms had been terminated when Grooms' attorney was notified of the trial date. Therefore, the notice to Grooms' attorney was proper and the knowledge of its contents should have been imputed to Grooms.
Having determined Grooms was charged with notice of the trial date, the fallacy in the trial court's dismissal of the charges for failure to timely prosecute is apparent. To be entitled to discharge because of the expiration of the 180 day speedy trial time a *315 defendant must be continuously available for trial. Fla.R.Crim.P. 3.191(a)(3). Grooms was not, and accordingly the order dismissing the charge against him is quashed and the case is remanded.
HOBSON, Acting C.J., and GRIMES, J., concur.