685 So.2d 1322 (1996)
STATE of Florida, Appellant,
v.
William Russell WATKINS, Appellee.
No. 95-00329.
District Court of Appeal of Florida, Second District.
February 23, 1996.
Rehearing Denied May 17, 1996.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia E. Davenport, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, Bartow, and Megan Olson, Assistant Public Defender, Clearwater, for Appellee.
PER CURIAM.
The State of Florida appeals a trial court order dismissing four criminal charges that had been filed against the appellee, William Russell Watkins. We affirm.
On August 11, 1990, the appellee was arrested for possession of a short-barreled shotgun and for aggravated assault. After his first appearance hearing, he posted a $1500 surety bond and was released from custody.
*1323 On September 4, 1990, the state filed an information charging the appellee with possession of a short-barreled shotgun in violation of section 790.221, Florida Statutes (1989), and on November 27, 1990, the state filed another information charging him with aggravated assault in violation of section 784.021, Florida Statutes (1989). Both informations alleged that the crimes were committed on August 11, 1990.
After the appellee failed to appear for arraignment, the court estreated his bond and issued capiases for his arrest on the two original charges and for two additional charges of failing to appear. The capiases were executed by arresting the appellee on October 20, 1994, more than four years after the original crimes were allegedly committed.
The appellee filed, and the trial court granted, a motion to dismiss all four charges on the grounds that prosecution was barred by the statute of limitations. The state filed a timely notice of appeal from the order discharging the appellee on the charges.[1]
We affirm the dismissal of the possession of a short-barreled shotgun and aggravated assault charges because the statute of limitations expired before the state commenced prosecution of these offenses.
Section 775.15(2)(b), Florida Statutes (1989), requires that prosecution of aggravated assault and possession of short-barreled shotgun offenses, both third degree felonies, be commenced within three years of the date of the offenses. Section 775.15(5) provides that prosecution is commenced when either an indictment or information is filed, if the capias, summons, or other process is executed without unreasonable delay. The statute provides further that in determining what is reasonable, the inability to locate a defendant after a diligent search, or the defendant's absence from the state must be considered. § 775.15.
In this case, the informations were filed within the three year period, but the capiases were not executed without unreasonable delay. The statute of limitations was, therefore, not tolled. At the hearing on the appellee's motion to dismiss, the state agreed that there was only one documented effort to locate the appellee and that there was no further effort taken to execute the capias before the three year time limit expired. The trial court, accordingly, properly found that the delay in executing the capiases was unreasonable. Wright v. State, 600 So.2d 1248 (Fla. 5th DCA 1992); Chapman v. State, 581 So.2d 995 (Fla. 2d DCA 1991); Walker v. State, 543 So.2d 353 (Fla. 5th DCA 1989).
On appeal, the state does not contend that the capiases were executed without unreasonable delay. Instead, it takes the position that prosecution commenced when the appellee was arrested and put on notice of the charges pending against him. We disagree with the state's position. The previous statute of limitations, section 932.465, did not provide a definition of the term "commencement of prosecution." Under that statute courts held that an arrest or the issuance and execution of an arrest warrant commenced prosecution. See Sturdivan v. State, 419 So.2d 300 (Fla.1982); State ex rel. Florida Petroleum Marketers Ass'n, Inc. v. McClure, 330 So.2d 239 (Fla. 1st DCA 1976). However, the present statute, section 775.15, provides an express and unambiguous definition of this term and it does not include the act of arresting a person and notifying him of the charges that the state may or may not file against him at a later date. State ex rel. Allen Quincy Welch v. Circuit Court. In and For Escambia County, 487 So.2d 65 (Fla. 1st DCA), rev. denied, 492 So.2d 1330 (Fla.1986). See also State v. Fields, 505 So.2d 1336 (Fla. 1987). Time limitations upon criminal prosecutions are solely creatures of statute and are to be liberally construed in favor of the accused. Brown v. State, 674 So.2d 738 (Fla. 2d DCA 1995).
Since the state did not commence a prosecution against the appellee by filing an information *1324 or indictment and executing a capias without unreasonable delay, the court properly dismissed the charges against the appellee, and we affirm.
Affirmed.
SCHOONOVER, A.C.J., and FRANK, J., concur.
ALTENBERND, J., concurs specially.
ALTENBERND, Judge, specially concurring.
Because of the limited record, I agree with the result in this case of first impression. If the record contained proof that a notice to appear for arraignment had been mailed to Mr. Watkins at the address he provided when he was released on bail, I would rule that this prosecution was not barred by the statute of limitations. The legislature should amend section 775.15(5), and the Criminal Procedure Rules Committee needs to examine several rules of procedure to avoid this result in the future.
This is not a case in which the defendant had no knowledge of the charges against him. Mr. Watkins was arrested for these charges, jailed, and released on bail after a court appearance. He had actual knowledge of the charges. The record, however, does not contain proof that he received notice of the filing of the informations and the scheduling of his arraignment.
For whatever reason, Mr. Watkins did not attend his arraignment. He has never been required to state under oath that he did not know about the informations and his scheduled arraignment. Law enforcement tried unsuccessfully to locate him on at least one occasion after he failed to appear. Because his bond was estreated, it is fair to assume that Mr. Watkins' surety also tried to bring this oversight to his attention, relying on the address he provided when he was released. For four years, Mr. Watkins never checked with law enforcement about the status of his arrest.
Section 775.15(5) provides: "A prosecution is commenced when either an indictment or information is filed, provided the capias, summons, or other process issued on such indictment or information is executed without unreasonable delay." (Emphasis supplied.) This approach to the statute of limitations is reasonable if the defendant has never been arrested on the charges and is not aware that charges are pending. Under such circumstances, it is necessary for the state to serve a capias on the defendant to notify him or her of the charges.
But if a person has already been arrested on a charge and released on bail, the rules do not provide for the issuance of a capias. Fla.R.Crim.P. 3.131(j). Likewise, a summons is only issued for a misdemeanor, not a felony. Fla.R.Crim.P. 3.131(k). I am not certain what "other process" should be issued to a person who has been released on bail after first appearance. If a defendant were formally notified of his or her arraignment date at first appearance, I would hold that notice to be sufficient. If a letter were sent to the address provided by the defendant at the time of his arrest, notifying him or her of the filing of the information and the date and time of arraignment, I would regard that as sufficient "other process" under these circumstances.[2]
Subsections (b) and (c) of Florida Rule of Criminal Procedure 3.131 assume that the court at first appearance will announce a condition of release requiring the arrested party to appear at a specific time for arraignment. There is nothing in this record that confirms Mr. Watkins received such a condition of release.[3] Moreover, rule 3.140(m) gives a defendant the right to receive a copy of an indictment or information but does not require that a copy be mailed to or served on the defendant. See also Fla.R.Crim.P. 3.030 *1325 (stating that each party must be served with a copy of every pleading subsequent to the initial indictment or information). This record does not indicate that the state provided a copy of the information to Mr. Watkins.
I suspect Mr. Watkins is receiving the benefit of a discharge for two serious offenses simply because he chose not to attend his arraignment after he was released on bail. Unfortunately, this record does not provide proof to support my belief, and the law places the burden on the state to provide this proof. Thus, I must concur in the result in this case.
NOTES
[1] The state does not challenge the dismissal of the failure to appear charges, and we, therefore, affirm the dismissal of those charges without further discussion.
[2] It is possible that such a letter was sent in this case, but the record contains no proof that such a letter was sent or received.
[3] The record does not contain a transcript of his first appearance.