PER CURIAM.
Florida Rule of Criminal Procedure 3.190 provides in pertinent part:
(b) Motion to Dismiss; Grounds. All defenses available to a defendant by plea, other than not guilty, shall be made only by motion to dismiss the indictment or information, whether the same shall relate to matters of form, substance, former acquittal, former jeopardy, or any other defense.
(c) Time for Moving to Dismiss. Unless the court grants further time, the defen *285 dant shall move to dismiss the indictment or information either before or upon arraignment. The court in its discretion may permit the defendant to plead and thereafter to file a motion to dismiss at a time to be set by the court. Except for objections based on fundamental grounds, every ground for a motion to dismiss that is not presented by a motion to dismiss within the time hereinabove provided for shall be taken to have been waived.
In the instant case, defendant was arraigned on December 13, 1994 and given until January 20, 1995, to file his motion to dismiss. On January 20, 1995, defendant filed his motion, however he did not raise any issue regarding service of process. On December 31, 1997, almost three years later, defendant again filed a motion to dismiss. In that motion, for the first time, defendant asserted that even if the information was filed within the limitations period, the prosecution was still barred by the statute of limitations because defendant was not served with process during that period. Under these circumstances, pursuant to Rule 3.190, we conclude the defendant'waived the issue, and the trial court erred in granting defendant’s motion.
Accordingly, the order is reversed and the cause is remanded for trial.