784 So.2d 1249 (2001)
Willie A. YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-4529.
District Court of Appeal of Florida, First District.
May 21, 2001.
*1250 Nancy A. Daniels, Public Defender; Carl S. McGinnes, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Bryan Jordan and Daniel A. David, Assistant Attorneys General, Tallahassee, for Appellee.
WEBSTER, J.
Appellant seeks review of an order denying his motion to dismiss an information charging him with burglary of a dwelling on the ground that the prosecution was barred by the applicable statute of limitation. We conclude that the trial court correctly denied the motion, although the reason it gave for its decision was incorrect. Accordingly, we affirm.
The pertinent facts are not in dispute. On June 13, 1990, appellant was apprehended in the act of burglarizing a mobile home by the owner. The sheriff's office was called, and appellant was arrested. At his first appearance, appellant was found to be indigent and, at his request, the public defender was appointed to represent him. Appellant was subsequently released on bond.
On August 22, 1990, an information was filed charging appellant with burglary of a dwelling. It appears that, on the next day, arraignment was set for September 4, 1990, and a notice to appear was issued. On August 31, 1990, the public defender filed a written waiver of formal arraignment and a plea of not guilty on appellant's behalf, and a demand for discovery to which the state attorney filed a timely response. It appears that the case was subsequently set for trial. On November 13, 1990, the public defender requested a continuance, representing that he had murder and manslaughter trials set for the same trial term, and would be unable adequately to prepare appellant's case for trial. He also represented that the "[m]otion [wa]s made in good faith and not for the purpose of delay." The motion was granted. Subsequently, the public defender requested another continuance on appellant's behalf, representing that "[d]iscovery [wa]s ongoing"; that appellant would "be prejudiced in preparing his defense if he [were] not granted a continuance"; and that the "[m]otion [wa]s made in good faith and not for the purposes [sic] of delay." Again, the trial court granted the request. On July 1, 1991, appellant failed to appear in court, and on July 3, 1991, a capias was issued for his arrest. Appellant was not *1251 arrested on this capias until October 6, 1995.
Appellant's new public defender subsequently filed a motion to dismiss the information as barred by the applicable three-year statute of limitation. The substance of his argument was that the prosecution had not been timely commenced as required by section 775.15, Florida Statutes (1989), because the delay in executing the capias issued on July 3, 1991, was unreasonable. The state attorney responded that the prosecution had been timely commenced on August 22, 1990, when the information was filed. In the alternative, he argued that the state had made "a reasonable and diligent effort," and that, therefore, the delay had not been unreasonable. The trial court denied the motion to dismiss on the ground that "[t]here ha[d] not been sufficient evidence presented ... to demonstrate that the State `... knew or should have known ...' where to locate [appellant] during the time period between the issuance of the capias and its execution." Appellant then pleaded no contest, reserving his right to appeal the denial of his motion to dismiss. This appeal follows.
The offense with which appellant was charged (burglary of a dwelling) is a second-degree felony. § 810.02(3), Fla. Stat. (1989). Therefore, the applicable statute of limitation is section 775.15(2)(b), Florida Statutes (1989), which requires that "[a] prosecution for any other felony [i.e., other than a capital, life or first-degree felony] must be commenced within 3 years after it is committed." Section 775.15(5) states that "[a] prosecution is commenced when either an indictment or information is filed, provided the capias, summons, or other process issued on such indictment or information is executed without unreasonable delay." Appellant argues that the delay between the filing of the information on August 22, 1990, and appellant's arrest on the capias on October 6, 1995, was unreasonable. Therefore, according to appellant, the prosecution was not commenced until his arrest on the capias on October 6, 1995. However, the limitation period ran on June 12, 1993, three years after the date on which the offense allegedly occurred. Accordingly, the motion to dismiss should have been granted. The state responds that the capias issued on July 3, 1991, is not the type of process contemplated by section 775.15(5) because it was not issued to procure appellant's arrest on the charge made in the information but, rather, was issued because of appellant's failure to appear in court, which constitutes an indirect criminal contempt of court. According to the state, the prosecution commenced either on August 22, 1990 (when the information was filed), or on August 31, 1990 (when the public defender filed a waiver of formal arraignment and plea of not guilty on appellant's behalf). Therefore, according to the state, the prosecution was timely commenced, and the trial court correctly denied the motion to dismiss. We agree with the state.
It is relatively clear that section 775.15(5) is intended to define commencement of a prosecution for purposes of the limitations set out in section 775.15 by reference to the date on which the indictment or information is filed. However, "The sole purpose of a statute of limitations in a criminal context is to prevent the State from hampering defense preparation by delaying prosecution until a point in time when its evidence is stale and defense witnesses have died, disappeared or otherwise become unavailable." State v. Garofalo, 453 So.2d 905, 906 (Fla. 4th DCA 1984) (citing State v. Hickman, 189 So.2d 254 (Fla. 2d DCA 1966)). Therefore, consistent with that purpose, section 775.15(5) also contains a proviso-in order for the prosecution to be treated as having commenced *1252 on the date the indictment or information was filed, the "process issued on such indictment or information [must be] executed without unreasonable delay."
The flaw in appellant's argument here, and in the trial court, is that the capias on which appellant was arrested in 1995 was not "process issued on" the information that had been filed against appellant in 1990. Rather, the capias was issued because appellant had failed to appear in court on July 1, 1991.
Appellant was arrested on June 13, 1990. Following his initial appearance, he was released on bond. The information was filed on August 22, 1990. The trial court progress docket reflects that, on the following day, an arraignment was set for September 4 and a notice to appear was issued. A compelling argument might be made that the notice constituted the "process" contemplated by section 775.15(5). See State v. Watkins, 685 So.2d 1322, 1324 (Fla. 2d DCA 1996) (Altenbernd, J., specially concurring) ("If a letter were sent to the address provided by the defendant at the time of his arrest, notifying him or her [sic] of the filing of the information and the date and time of arraignment, I would regard that as sufficient `other process'"). However, we need not rely on that notice because we conclude that, under any common-sense reading of section 775.15, appellant's prosecution had "commenced" no later than August 31, 1990, when his attorney filed a written waiver of formal arraignment and plea of not guilty on his behalf. In fact, it is apparent from the record that the only reason this prosecution was not completed well within three years of the date on which it had commenced was because appellant failed to appear as scheduled, after the trial had been continued at least twice at his request.
Because the prosecution had commenced no later than August 31, 1990, there was no delay to consider, and cases such as Fleming v. State, 524 So.2d 1146 (Fla. 1st DCA 1988), upon which appellant relies, are simply inapposite. For the same reason, it was unnecessary for the trial court to determine whether the delay between the issuance of the capias for failure to appear and appellant's arrest on that capias was reasonable.
The prosecution was timely commenced. Accordingly, we affirm the order denying appellant's motion to dismiss. See, e.g., In re Estate of Yohn, 238 So.2d 290, 295 (Fla.1970) (an appellate court must affirm the trial court's decision if it is supported by any theory, regardless of the reasons stated in the order or judgment).
AFFIRMED.
DAVIS and BENTON, JJ., concur.