790 So.2d 520 (2001)
STATE of Florida, Appellant,
v.
Richard MARTINEZ, Appellee.
No. 2D00-3444.
District Court of Appeal of Florida, Second District.
July 6, 2001.
*521 Robert A. Butterworth, Attorney General, Tallahassee, and Anne Pfeiffer Howe, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellee.
NORTHCUTT, Judge.
The circuit court dismissed charges of burglary and theft against Richard Martinez on the ground that the State did not commence prosecution within the statutory limitations periods. § 775.15, Fla. Stat. (1989).[1] The State appeals the dismissal and we reverse.
Martinez was arrested on November 10, 1990, the date of his offenses. The public defender's office was appointed to represent him, and on November 13, 1990, his counsel filed a written plea of not guilty, a demand for jury trial, and a notice of discovery. The State filed an information on December 7, 1990. On December 17, 1990, Martinez was released on his own recognizance. He was arraigned on January 7, 1991, and the case was set for pretrial on February 11, 1991. Martinez failed to attend the pretrial, and on February 11, 1991, a capias was issued for his arrest both for failure to appear at pretrial and for the crimes charged in the information.
Martinez was finally arrested on the capias on June 2, 2000. He then filed a motion to dismiss the information. He represented that he was a continual resident of Florida from February 11, 1991, through June 3, 2000, and he contended that the State had failed to make reasonable and diligent efforts to execute the capias. Martinez also maintained that his arrest and "placement on notice of the charges pending against him back in 1990" did not commence prosecution. At the hearing on his motion, the State did not call witnesses or offer evidence as to the factual issues. The court granted the motion and dismissed the charges, relying on State v. Watkins, 685 So.2d 1322 (Fla. 2d DCA 1996).
The State must commence a prosecution for burglary within three years, and a prosecution for theft within two. § 775.15(2)(b),(c), Fla. Stat. (1989). "A prosecution is commenced when either an indictment or information is filed, provided the capias, summons or other process issued on such indictment or information is executed without unreasonable delay." § 775.15(5), Fla. Stat. (1989). Here, the *522 capias was executed well after the limitations periods had expired.
We need not address whether the State made a diligent effort to execute the capias[2] without unreasonable delay because we hold that "other process" sufficient to commence prosecution had occurred by the time Martinez was arraigned on January 7, 1991. See Young v. State, 784 So.2d 1249 (Fla. 1st DCA 2001). We rejected a somewhat similar argument in Watkins, but there are key distinctions between that case and this one. In Watkins the State contended that Watkins's prosecution had commenced because he had been arrested and knew charges would be filed. But Watkins had been released from jail at the time the informations were filed against him, and nothing in our Watkins opinion suggested that he was represented by counsel, that he knew informations had been filed, that he pleaded to the charges or that he was on notice of the arraignment date. Here, on the other hand, Martinez was being held in jail when the information was filed, and he had an attorney acting on his behalf. Martinez's counsel filed a written plea of not guilty and either appeared at the arraignment on Martinez's behalf or waived formal arraignment. Even if Martinez did not personally know that the information had been filed, arraignment conducted and pretrial scheduled, his counsel did. Martinez's attorney's knowledge is imputed to him. State v. Grooms, 389 So.2d 313 (Fla. 2d DCA 1980) (holding that when counsel was present when a trial date was announced and received written notice of the date, even though the client did not receive notice, the attorney's knowledge was imputed to the client). Thus, as Martinez's motion to dismiss acknowledged and the record confirms, he was placed on notice of the charges in 1990.
The purpose of the statutes of limitation in criminal proceedings is to prevent the State from hampering the defense by delaying prosecution until a time when evidence is stale and potential defense witnesses are unavailable. State v. Hickman, 189 So.2d 254 (Fla. 2d DCA 1966). Martinez, either personally or through his counsel, knew that an information had been filed against him and that his prosecution was going forward in the usual way. In fact, counsel had filed a notice to participate in discovery. The only reason that this prosecution did not proceed in a timely manner was that Martinez chose not to attend his pretrial conference. Under these facts, we hold that prosecution commenced no later than the date of his arraignment, January 7, 1991. Young; cf. Watkins, 685 So.2d at 1324-25 (Altenbernd, J., concurring) (positing that "if a defendant were formally notified of his or her arraignment date at first appearance" this would be sufficient "other process" to commence prosecution under section 775.15 if an information had been filed).
We reverse the order dismissing the charges against Martinez and remand for further proceedings.
PATTERSON, A.C.J., and DANAHY, PAUL W., (Senior) Judge, Concur.
NOTES
[1] The 1989 version of the Florida Statutes governs this case. Brown v. State, 674 So.2d 738, 739 n. 1 (Fla. 2d DCA 1995) (noting that applicable statutes of limitation are the ones in effect at the time of the acts giving rise to the criminal charges).
[2] When an accused has been arrested, the criminal procedure rules do not provide for the issuance of a capias. Fla. R.Crim. P. 3.131(j); see State v. Watkins, 685 So.2d 1322, 1324 (Altenbernd, J., concurring). In fact, the capias in this case was not issued concurrently with the information; it was only issued some two months later when Martinez failed to appear for pretrial. See Young v. State, 784 So.2d 1249 (Fla. 1st DCA 2001).