794 So.2d 682 (2001)
STATE of Florida, Appellant,
v.
Vincent S. WHITE, Appellee.
No. 2D00-4104.
District Court of Appeal of Florida, Second District.
August 31, 2001.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann Pfeiffer Howe, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellee.
NORTHCUTT, Acting Chief Judge.
The circuit court dismissed charges of criminal mischief and battery against Vincent White on the basis that the State did not commence his prosecution within the statutory limitations period. § 775.15(5), Fla. Stat. (1987).[1] The State appeals the dismissal and we reverse.
The charged crimes took place in April 1989. White was arrested and the public defender's office was appointed to represent *683 him. He was apparently in custody on May 17, 1989, when the State filed the information against him. His public defender filed a written plea of not guilty on May 18, 1989. Arraignment was held in June, based on the written plea, and pretrial was set for July 17, 1989. White failed to appear at pretrial, and a capias was issued for his arrest based on his failure to appear and the charges in the information.
White was finally arrested on the capias on April 8, 2000. He filed a written plea of not guilty and moved to dismiss the information on the ground that the State had not commenced his prosecution within the applicable statutes of limitations. The State must begin a prosecution for criminal mischief within three years from the date the crime was committed, and a prosecution for battery within two years. § 775.15(2)(b), (c), Fla. Stat. (1989). "A prosecution is commenced when either an indictment or information is filed, provided the capias, summons or other process issued on such indictment or information is executed without unreasonable delay." § 775.15(5), Fla. Stat. (1989). The circuit court granted White's motion and dismissed the charges on the authority of State v. Watkins, 685 So.2d 1322 (Fla. 2d DCA 1996).
Since the circuit court's order in this case, we have distinguished Watkins in circumstances very similar to the ones here. See State v. Martinez, 790 So.2d 520 (Fla. 2d DCA 2001); see also Young v. State, 784 So.2d 1249 (Fla. 1st DCA 2001). As we explained in Martinez, where the defendant is represented, files a plea and is arraigned, "other process" sufficient to commence prosecution under section 775.15(5) has occurred. Cf. Watkins, 685 So.2d at 1324-25 (Altenbernd, J. concurring) (positing "if a defendant were formally notified of his or her arraignment date at first appearance" that would be sufficient "other process" to commence prosecution under section 775.15, if an information had been filed). Even if White did not have personal knowledge that the information was filed, arraignment conducted and pretrial scheduled, his attorney did, and the attorney's knowledge is imputed to his client. State v. Grooms, 389 So.2d 313 (Fla. 2d DCA 1980) (holding that when counsel was present when a trial date was announced and received written notice of the date, even though the client did not receive notice, the attorney's knowledge was imputed to the client). Under these facts we hold that prosecution commenced no later than the date of White's arraignment. We reverse the order dismissing the charges and remand for further proceedings.
Reversed and remanded.
DAVIS and SILBERMAN, JJ., concur.
NOTES
[1] The 1987 version of Florida Statutes governs this case. Brown v. State, 674 So.2d 738, 739 n. 1. (Fla. 2d DCA 1995) (noting that applicable statutes of limitation are the ones in effect at the time of the acts giving rise to the criminal charges).