799 So.2d 425 (2001)
Glen M. STARLING, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-3293.
District Court of Appeal of Florida, Fifth District.
November 16, 2001.
*426 James B. Gibson, Public Defender, and A.S. Rogers, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Tammy L. Jaques, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, J.
Glen Starling appeals the order of the trial court denying his motion to dismiss an information charging him with resisting arrest with violence on the ground that the prosecution was barred by the applicable statute of limitations. We conclude that the trial court properly denied the motion. Accordingly, we affirm.
Starling was arrested on March 8, 1993, and appeared at his first appearance on March 10, where he was appointed the services of a public defender. The trial court set a pre-trial conference for March 29. On March 18, prior to the State filing an information, attorney H. Scott Gold [Gold] on behalf of Starling filed a notice and waiver of appearance, a plea of not guilty, and a notice of intention to participate in discovery. The State filed the information on May 4, 1993, and on May 6, the trial court sua sponte entered its order scheduling a pre-trial conference for July 12 and the trial for July 19. The order also provided that Starling was required to attend both the pre-trial conference and trial. The Clerk of the Court certified that a copy of the order had been furnished "by mail or delivery" to Gold and the State on May 6. Neither Gold nor Starling appeared at the July 12 pre-trial conference, so the trial court issued a capias for his arrest.
Approximately seven years later, on August 10, 2000, Starling was arrested in Georgia pursuant to the capias. In September, Gold filed a motion to withdraw, which was granted. On October 5, Starling, via his new public defender, filed the motion to dismiss. After hearing testimony and argument, the trial court denied the motion, and Starling pled no contest, reserving his right to appeal.
Starling submits the order denying his motion to dismiss is contrary to law and not supported by competent evidence because the State failed to establish that it noticed him or Gold that the information had been filed in May 1993. Starling, therefore, argues that the motion to dismiss should have been granted because the State did not demonstrate that the prosecution was, in accord with section 775.15(5), Florida Statutes, "commenced" prior to the expiration of the applicable statute of limitations period.
The State was required to commence prosecution on Starling's resisting charge, which is a third degree felony, see section 843.01, Florida Statutes (1993), within three years from the date the offense was committed. § 775.15(2)(b), Fla. Stat. *427 (1993).[1] The applicable statute of limitations provides that "[a] prosecution is commenced when either an indictment or information is filed, provided the capias, summons or other process issued on such indictment or information is executed without unreasonable delay." § 775.15(5), Fla. Stat. (1993).[2]
Although the courts generally agree that the statute of limitations is intended to provide that commencement of the prosecution starts when the indictment or information is filed, the primary purpose of the statute is to prevent the state from interfering with the defendant's ability to prepare his defense by delaying the proceedings to the point where evidence becomes stale or witnesses become unavailable. See Young v. State, 784 So.2d 1249 (Fla. 1st DCA 2001). Therefore, section 775.15(5) provides that prosecution is deemed to have commenced on the date the indictment or information was filed provided the "`process issued on such indictment or information [is] executed without unreasonable delay.'" Young, 784 So.2d at 1252 (quoting section 775.15(5), Florida Statutes). Thus we primarily concern ourselves with whether the "other process" provision of the statute was complied with in the instant case.
In Young, the court held that the "other process" provision of the statute was satisfied when the defendant, through his attorney, filed a written waiver of formal arraignment, a plea of not guilty, and a demand for discovery after the information was filed. See also State v. White, 794 So.2d 682 (Fla. 2d DCA 2001) (holding that "other process" sufficient to commence prosecution occurred prior to defendant's arraignment); State v. Martinez, 790 So.2d 520 (Fla. 2d DCA) (same), rev. dismissed, 794 So.2d 605 (Fla.2001). In the instant case, however, Starling's attorney filed the notice and waiver of appearance, a plea of not guilty, and intention to participate in discovery before the State filed the information. Nonetheless, on May 6, two days after the information was filed, Gold was notified either by "mail or delivery" that Starling's trial was set for July 19, the pre-trial conference was set for July 12, and that Starling was required to be at both proceedings. Starling argues that he did not have personal knowledge of the filing of the information or the court dates. We conclude that regardless of whether Starling did or did not have personal knowledge of the State's filing of the information, the record reveals that Gold was notified of the trial and the pre-trial conference, and Gold's knowledge is attributed to Starling. White; Martinez.
In White, the defendant was arrested in April 1989, and the Public Defender's Office was appointed to represent him. The state filed an information in May 1989 while the defendant was still in custody. The defendant's public defender filed a written plea of not guilty. Arraignment *428 was held in June based on the written plea, and the pretrial conference was set for July 17. The defendant failed to appear at the pretrial conference, and a capias was issued for his arrest. He was arrested pursuant to the capias in April 2000.
The defendant then filed a written plea of not guilty and moved to dismiss the information on the ground that the state had not commenced prosecution within the applicable statute of limitations. The trial court granted his motion and dismissed the charges. On appeal, the Second District reversed the trial court's decision, concluding that
[a]s ... explained in Martinez, where the defendant is represented, files a plea and is arraigned, "other process" sufficient to commence prosecution under section 775.15(5) has occurred. Cf. Watkins, 685 So.2d at 1324-25 (Altenbernd, J. concurring) (positing "if a defendant were formally notified of his or her arraignment date at first appearance" that would be sufficient "other process" to commence prosecution under section 775.15, if an information had been filed).
White, 794 So.2d at 683. Moreover, the court observed that even if the defendant did not personally know that the information was filed and pretrial scheduled, his attorney did, and "the attorney's knowledge is imputed to his client." Id. at 683 (citing State v. Grooms, 389 So.2d 313 (Fla. 2d DCA 1980) (holding that when counsel was present when a trial date was announced and received written notice of the date, even though the client did not receive notice, the attorney's knowledge was imputed to the client)).
We hold, therefore, that notification to Starling through his attorney of the trial and pre-trial conference dates constitutes sufficient "other process" under section 775.15(5) to commence prosecution within the applicable limitations period. Accordingly, the order denying Starling's motion is affirmed.
AFFIRMED.
THOMPSON, C.J., and ORFINGER, R. B., J., concur.
NOTES
[1] The limitations period in effect at the time of the state's action on the criminal charges controls the time in which prosecution must be initiated. Mercer v. State, 654 So.2d 1221, 1221 (Fla. 5th DCA 1995) (citing Rubin v. State, 390 So.2d 322 (Fla.1980)).
[2] This subsection has been substantially amended since 1993 and the current version provides that if the defendant had previously been arrested on the charge, prosecution commences when the information or indictment is filed. § 775.15(5)(a), Fla. Stat. (2001). The "other process" inquiry only applies if the defendant had not previously been arrested on the charge. § 775.15(5)(b), Fla. Stat. (2001). Thus if the current version of the statute applied to the instant case, pursuant to subsection (5)(a), Starling's prosecution would have commenced on the date the information was filed since he was first arrested on the charge that was included in the information.