NORTHCUTT, Judge.
The circuit court dismissed charges of grand theft and failure to appear against Mark McCubbins on the ground that the *967 State had failed to timely commence prosecution. See § 775.15, Fla. Stat. (1993). We reverse the dismissal of the grand theft charge and remand for further proceedings. We affirm the dismissal of the failure to appear charge.
The facts in this case are similar to those in State v. Martinez, 790 So.2d 520 (Fla. 2d DCA), review dismissed, 794 So.2d 605 (Fla.2001). McCubbins was arrested for grand theft on August 28, 1998, and jailed. At his first appearance, counsel was appointed to represent him. Shortly thereafter, the State filed an information. Defense counsel entered a plea of not guilty on McCubbins’s behalf and filed a demand for jury trial and a notice of discovery. The State did not issue a capi-as when it filed the information because the rules of criminal procedure do not provide for the issuance of a capias in these circumstances. See id. at 522, n. 2.; Fla. R.Crim. P. 3.131(j). Apparently defense counsel appeared at the arraignment, but McCubbins did not. A pretrial conference was set for January 10, 1994, and a notice of the date was mailed to McCubbins at the address he provided when he was released from jail. The mailing was returned with a notice that delivery was attempted but the addressee' was unknown. McCubbins did not appear at the pretrial. On January 24, 1994, the State filed an information for his failure to appear and a capias was issued on that charge.
In August 1994, the Jefferson County, Kentucky police department contacted the Pinellas County Sheriffs office to report that McCubbins was in its custody. The sheriffs office notified the state attorney’s office, but it decided not to extradite him. McCubbins remained out of state until January 16, 2001, when he turned himself in to Florida authorities. On January 18, 2001, the capias was executed.
Turning first to the grand theft charge, we find that Martinez controls and that the circuit court erred in dismissing this charge.[1] As in Martinez, McCubbins had counsel at the time the information was filed against him and a plea was entered on his behalf. “Other process” sufficient to commence prosecution under section 775.15(5) occurred by the time of his pretrial conference on January 10, 1994, well within the statute of limitations for his crime.[2] See Martinez, 790 So.2d at 522; Young v. State, 784 So.2d 1249 (Fla. 1st DCA 2001).
But Martinez does not apply to the failure to appear charge. The State was required under Florida Rule of Criminal Procedure 3.131(j) to issue a capias because McCubbins was not in custody or out on bail for the offense of failure to appear. While the information was filed within the limitations period, the capias was not executed until approximately seven years after its issuance, after the statute of limitations had run. See § 775.15(2)(b) (establishing a three-year statute of limitation for McCubbins’s crime). The question then becomes whether it was executed “without unreasonable delay.” § 775.15(5).[3] Here, the *968 State knew McCubbins was in Kentucky in August 1994, yet it made no attempt at all to execute the capias. This case is similar to Brown v. State, 674 So.2d 738, 742 (Fla. 2d DCA 1995), where we held that the fact a defendant was incarcerated in another jurisdiction did not relieve the State from its burden of showing the capias was executed without unreasonable delay. Because the State failed to make such a showing here, the circuit court correctly dismissed the charge against McCubbins for failure to appear.
Affirmed in part, reversed in part and remanded.
WHATLEY and SILBERMAN, JJ„ concur.

. We note that the circuit court did not have the benefit of our decision in State v. Martinez, 790 So.2d 520 (Fla. 2d DCA 2001), at the time it dismissed the grand theft charge against McCubbins.

. The statute of limitations for grand theft is five years. § 812.035(10), Fla. Stat. (1993).

.Under section 775.15(6), the statute of limitations does not run if the defendant is continuously absent from the State of Florida, "but in no case shall this provision extend the period of limitation otherwise applicable for more than three years.” But this subsection does not put an absolute limitation on prosecution after the specified time period runs. *968 State v. Picklesimer, 606 So.2d 473, 475 (Fla. 4th DCA 1992). If the State presents evidence that its delay in executing the capias was reasonable, prosecution may continue.