PER CURIAM.
Defendant Charlie James Henry, Jr. appeals the denial of his motion for discharge contending that the applicable statute of limitations barred his prosecution.
The record reveals that the defendant was arrested on January 11, 1996. On January 16, 1996, the defendant filed a Notice of Invocation of Right to Counsel. On February 1, 1996, the State filed an information charging the defendant with *189 one count of unlawful possession of a firearm by a convicted felon, one count of resisting an officer without violence, and one count of aggravated battery. On February 1,1996, the defendant was arraigned and pled not guilty. Reciprocal discovery was invoked February 1, 1996. June 5, 1996, the defendant’s ore terms motion for continuance was granted. It seems that defendant was then released on bail. On July 15, 1997, a detainer was placed against the defendant with the Department of Corrections. On October 9, 2001, the defendant filed his motion for discharge, alleging that the statute of limitations had expired. It seems that in the interim, the defendant had committed some crimes for which he was convicted in Hillsborough County and upon service of his sentence, he was released from the Department of Corrections to the Director of Public Safety for Miami-Dade County.
The defendant relies on Lems v. State, 765 So.2d 163 (Fla. 2d DCA 2000), wherein the Second District concluded that the time limitation for prosecution of the crimes allegedly committed by Lewis was not extended by State’s inability to locate and arrest him, in the absence of evidence that the State had conducted a diligent search. However the facts of the instant case are distinguishable from Lewis. Rather, directly applicable to defendant Henry’s claim, is State v. Hellmund, 723 So.2d 284 (Fla. 3d DCA 1998), wherein we concluded that Hellmund waived his claim on motion to dismiss that service of process was untimely, where his original motion to dismiss did not raise a limitation on prosecution claim and his motion raising the claim was filed almost three years later. See Fla. R.Crim. P. 3.190. Here, as outlined above, the State commenced prosecution well within the statute of limitations. When the defendant pled not guilty, he was given fifteen days to file any motions, and no motions were filed during that time. In sum, the process necessary to commence prosecution had occurred. See State v. Martinez, 790 So.2d 520 (Fla. 2d DCA 2001).
Accordingly, the denial of the defendant’s motion for discharge is affirmed.