913 So.2d 760 (2005)
Angela Yvonne WILLIAMS, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D05-2864.
District Court of Appeal of Florida, Fourth District.
November 9, 2005.
*761 Howard Finkelstein, Public Defender, and Kristine Keaton, Assistant Public Defender, Fort Lauderdale, for petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for respondent.
KLEIN, J.
We substitute this opinion for the opinion filed on September 28, 2005.
Petitioner was charged with having committed grand theft in 1998, but she was not aware of it until 2005, when she was served with the capias. She moved to dismiss for failure to prosecute within the statute of limitations and her motion was denied. We have jurisdiction to review this order by writ of prohibition. Carcaise v. Durden, 382 So.2d 1236 (Fla. 5th DCA 1980); Reino v. State, 352 So.2d 853 (Fla.1977). See also Sherrod v. Franza, 427 So.2d 161 (Fla.1983) (prohibition is an appropriate remedy for violation of our speedy trial rule). We grant the petition.
Prosecution for grand theft, a third degree felony, must be commenced within five years. § 812.035(10), Fla. Stat. (1998). A prosecution is commenced when an indictment or information is filed, assuming the capias is executed without unreasonable delay. § 775.15(5)(b), Fla. Stat. Inability to locate the defendant after diligent search shall be considered in determining what is a reasonable delay. Id.
Defendant testified, and none of her testimony was contradicted, that from 1998 until the present time, she had at all times lived in Broward County. She had been at her current address for one year and had lived at three prior addresses for about two years each. She received her electric utility bill at these addresses until about 2003, when she started using a P.O. box. She had received a jury summons at her P.O. box address. Her voter registration cards showed her addresses in Broward County, and she has had a Florida driver's license throughout the entire period. She was employed in Broward County during this time, and her children had been enrolled in the Broward County schools with her home address listed in their registrations.
*762 In State v. Mack, 637 So.2d 18 (Fla. 4th DCA 1994), we held that, in order to establish that it has performed a diligent search, the state must check obvious sources of information, such as the telephone book, the city directory, driver's license records, voter registration records, utility companies, schools, and other suggested sources.
The state presented no evidence that it had attempted to locate defendant through any of the above methods. A printout from the Broward Sheriff's Office, the only evidence on which the trial court relied, showed at best that the state had checked on a person with the same name who had been taken into custody in Georgia. There was thus no competent substantial evidence to support the trial court's finding of a diligent search. We grant the petition for writ of prohibition and order that the defendant be discharged.
POLEN and SHAHOOD, JJ., concur.