975 So.2d 638 (2008)
STATE of Florida, Appellant,
v.
Telvis RAMOS, Appellee.
No. 4D06-4629.
District Court of Appeal of Florida, Fourth District.
March 12, 2008.
*639 Bill McCollum, Attorney General, Tallahassee, and Katherine Y. McIntire, Assistant Attorney General, West Palm Beach, for appellant.
Carey Haughwout, Public Defender, and Emily Ross-Booker, Assistant Public Defender, West Palm Beach, for appellee.

ON MOTION FOR CLARIFICATION/CORRECTION
HAZOURI, J.
We grant appellant's motion for clarification/correction, withdraw our prior opinion, and substitute the following in its place.
The State of Florida appeals the trial court's order granting Telvis Ramos's motion to dismiss the information charging her with third degree grand theft on the ground that her prosecution was barred by the applicable statute of limitations. The trial court erroneously granted the motion. We reverse and remand for further proceedings.
Ramos was apprehended and arrested on the day the crime was committed, April 16, 1997. The state filed the information on May 6, 1997. Ramos was given notice of the date of her arraignment. At her arraignment on May 29, 1997, Ramos entered a plea of not guilty and was also declared indigent and appointed counsel. The state filed its discovery submission which it sent to her public defender on June 13, 1997. On July 10, 1997, Ramos did not appear at the pretrial hearing and the trial court issued a capias. The capias was executed when Ramos was arrested on July 28, 2006.
On November 9, 2006, Ramos filed a motion to dismiss arguing that, because the statute of limitations expired prior to commencement of prosecution, the information should be dismissed. After hearing argument as well as evidence regarding Ramos's presence in Broward County during the nine-year time frame between the issuance of the capias and Ramos's arrest, the trial court granted Ramos's motion, reasoning that the state had failed to present evidence that it was diligent in its efforts to serve the capias.
Section 812.035(10), Florida Statutes (1995), is the statute of limitations applicable to a charge of grand theft. That section provides that "[n]otwithstanding any other provision of law, a criminal or civil action or proceeding under ss. 812.012-812.037 or s. 812.081 may be commenced at any time within 5 years after the cause of action accrues. . . ." Section 775.15(5) states that "[a] prosecution is commenced when either an indictment or information is filed, provided the capias, summons, or other process issued on such indictment or information is executed without unreasonable delay." (Emphasis added.)
After the information was filed, Ramos received "other process" in the form of the notice to appear at the arraignment. She was present at the arraignment and entered her plea of not guilty. Because Ramos received this other process within a month of the filing of the information, there was no delay and the prosecution *640 was commenced well within five years of the date of the offense. See Young v. State, 784 So.2d 1249 (Fla. 1st DCA 2001) (after filing of information, notice to appear at arraignment and defense filing of waiver of formal arraignment and entry of plea was sufficient "other process" under section 775.15(5) to commence prosecution): see also Starling v. State, 799 So.2d 425 (Fla. 5th DCA 2001) (notice of pretrial conference and trial dates to defense counsel after information filed was sufficient "other process"); State v. Martinez, 790 So.2d 520 (Fla. 2d DCA 2001) (defendant's attendance at arraignment after the information was filed was sufficient "other process" to commence prosecution).
Ramos's prosecution was commenced well within the five-year statute of limitations period. We reverse the order granting Ramos's motion to dismiss and remand for further proceedings.
Reversed and Remanded.
SHAHOOD, C.J., and TAYLOR, J., concur.