982 So.2d 1290 (2008)
Reinaldo SOTO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-1667.
District Court of Appeal of Florida, Fourth District.
June 11, 2008.
Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, J.
In this appeal, Reinaldo Soto challenges the trial court's denial of his motion to dismiss based on the expiration of the statute of limitations. We find that the motion to dismiss is meritorious and reverse.
The State filed an information on December 6, 1996, charging Soto with the third degree felony of aggravated assault, which allegedly occurred on November 15, 1996. After Soto had been arrested and released, the notice of arraignment was *1291 sent to him by mail. Soto failed to appear at the arraignment hearing and a capias without bond was issued that same day, January 16, 1997. In 2006, Soto was arrested in Texas and brought to Florida because of the outstanding 1997 warrant. In October of 2006, Soto was arraigned for the 1996 offense. He filed a motion to dismiss the charge on the ground that the three-year statute of limitations had run and the State had exercised unreasonable delay in executing the capias. The trial court denied the motion and Soto ultimately pleaded guilty to the charge, reserving his right to appeal the dispositive ruling on the motion to dismiss. The trial court placed Soto on probation for two years.
The applicable statute of limitations is that which was in effect at the time of the incident giving rise to the criminal charges. State v. Mack, 637 So.2d 18, 19 (Fla. 4th DCA 1994). The 1996 statute of limitations requires the State to commence a prosecution for any felony within three years after it was committed. § 775.15(2)(b), Fla. Stat. (Supp.1996). The 1996 statute defines the commencement of a prosecution as follows:
A prosecution is commenced when either an indictment or information is filed, provided the capias, summons, or other process issued on such indictment or information is executed without unreasonable delay. In determining what is reasonable, inability to locate the defendant after diligent search or the defendant's absence from the state shall be considered.
§ 775.15(5), Fla. Stat. (Supp.1996). Thus, under the applicable statute, Soto's prosecution had not "commenced" until the State executed the capias without unreasonable delay. The statute further provides that where "unreasonable delay" has been alleged, a court must consider the State's attempts to locate the defendant, as well as the defendant's absence from the state.[1]Id. We note that the legislature subsequently amended section 775.15(5), so that a "[p]rosecution on a charge on which the defendant has previously been arrested or served with a summons is commenced by the filing of an indictment, information, or other charging document." See Ch. 97-90, § 1, at 514, Laws of Fla.
"When a criminal defendant challenges her prosecution as untimely commenced under the statute of limitations, the State has the burden to prove that the prosecution is not barred by the statute." Neal v. State, 697 So.2d 903, 905 (Fla. 2d DCA 1997). At the hearing on the motion to dismiss, the State argued that the 1997 capias tolled the statute of limitations. The defense countered that the capias did not toll the statute of limitations because it was not served on Soto and the State did not make diligent efforts to locate him. Although the prosecutor in the instant case argued at the hearing that efforts were made to locate Soto and serve the capias, the record is devoid of any evidence in that regard. Therefore, because the State offered no evidence at the hearing in support of its claim that attempts were made to locate Soto and execute the capias, it failed to meet its burden under former section 775.15(5). See State v. Mack, *1292 637 So.2d at 19-20 (affirming a trial court's finding that the State was not diligent in its search upon a review of the record evidence of the State's efforts to serve a capias).
Accordingly, we reverse the trial court's order denying Soto's motion to dismiss and remand with directions that the charge be dismissed and the sentence be vacated.
Reversed.
GROSS and MAY, JJ., concur.
NOTES
[1] A defendant's absence from the state is also relevant to the issue of unreasonable delay under subsection (6) of the statute, which states, "[t]he period of limitation does not run during any time when the defendant is continuously absent from the state or has no reasonably ascertainable place of abode or work within the state...." § 775.15(6), Fla. Stat. (Supp.1996). The only evidence put forth with regard to Soto's absence from the state was his arrest in Texas; the State presented no evidence of the continuity or duration of Soto's absence from Florida.