SILBERMAN, Judge.
 

 Marie Ann McLaughlin appeals the order withholding adjudication and imposing only court costs as her sentence for grand theft motor vehicle and battery on a law enforcement officer. The trial court should have granted McLaughlin’s motion to dismiss because the State had not commenced the prosecution within the statute of limitations. Thus, we reverse the trial court’s order withholding adjudication and imposing court costs and remand for the trial court to dismiss the charges.
 

 McLaughlin was arrested for the third-degree felonies of grand theft motor vehicle and battery on a law enforcement officer on March 9, 1996. The crimes allegedly occurred on or between March 7, 1996, and March 9, 1996. Our record is sparse, and many of the facts must be gleaned from the trial court case progress notes. An assistant public defender was appointed for McLaughlin on March 10, 1996, appax*ently for the first appearance. On March 10, 1996, counsel filed a Notice of Defendant’s Invocation of Right to Counsel. On March 15, 1996, counsel filed a motion to reduce bail or release McLaughlin on her own recognizance which was denied on March 19, 1996. McLaughlin was released from jail on March 29, 1996.
 

 On May 2, 1996, the State filed its information charging McLaughlin with grand theft motor vehicle and battery on a law enforcement officer. On May 8, 1996, the case was set for arraignment on May 21, 1996. Notice was sent to McLaughlin on May 9, 1996, although the case progress notes do not reflect the address to which the notice was sent. Notice was also sent to Paul Ortelli, the bail bondsman. Nothing in the case progress notes reflects that
 
 *874
 
 defense counsel was provided notice of the arraignment. On May 14, 1996, an entry reflects that the notice to the defendant was returned.
 

 On the date set for arraignment, May 21, 1996, a capias was requested. The capias issued on May 28, 1996. The parties suggest that defense counsel filed a motion for extension of time that was granted on July 23, 1996. Our review of the case progress notes seems to indicate that it was the bail bondsman’s attorney who filed the motion for extension of time, apparently regarding the forfeiture of the bond. The case progress notes reflect that the motion for extension of time was granted and that the bail bondsman’s attorney, W. Dale Gabbard, was present at the hearing on July 23, 1996. Other than further proceedings regarding the bond, no other action was taken in the case until a warrant was served on McLaughlin on these charges on April 29, 2008, after she was extradited to Florida from New York.
 

 On May 7, 2008, McLaughlin filed a motion to dismiss based on the statute of limitations. During the hearing on the motion, the trial court asked, “She had knowledge of the charges and voluntarily elected to remove herself from the jurisdiction of the court?” The prosecutor replied, “That would be the State’s position on this.” No evidence was presented at the hearing. In denying the motion, the trial court stated, “She secreted herself. She got arrested in another state, got extradited down here. Deny your request.” McLaughlin entered a no contest plea, reserving for appeal the dispositive issue of her motion to dismiss.
 

 The State is generally required to commence prosecution for third-degree felonies within three years after the crimes were committed.
 
 See
 
 § 775.15(2)(b), Fla. Stat. (1995). However, section 812.035(10), Florida Statutes (1995), provides that “[n]otwithstanding any other provision of law,” an action for grand theft under section 812.014 “may be commenced at any time within 5 years after the cause of action accrues.” Thus, the statute of limitations is five years on the grand theft charge and three years on the battery of a law enforcement officer charge. With respect to when prosecution is commenced, section 775.15(5) provides, in pertinent part, as follows:
 

 (5) A prosecution is commenced when either an indictment or information is filed,
 
 provided the capias, summons, or other process issued on such indictment or information is executed without unreasonable delay.
 
 In determining what is reasonable, inability to locate the defendant after diligent search or the defendant’s absence from the state shall be considered.
 

 (Emphasis added.) With respect to the defendant’s absence from the state, section 775.15(6) provides as follows:
 

 (6) The period of limitation does not run during any time when the defendant is continuously absent from the state or has no reasonably ascertainable place of abode or work within the state, but in no case shall this provision extend the period of limitation otherwise applicable by more than 3 years.
 

 Section 812.035(10) provides that, for the grand theft charge, the defendant’s absence from the state shall not “extend the period of limitation otherwise applicable by more than 1 year.”
 

 In 1997, section 775.15 was amended to excuse the State for not extraditing or actively pursuing suspects who had been timely charged by indictment or information and been continuously absent from the State.
 
 See
 
 § 775.15(6), Fla. Stat. (1997). This amendment became effective July 1, 1997.
 
 See
 
 ch. 97-90, §§ 1, 7, at 514, 521, Laws of Fla. The parties agree
 
 *875
 
 that the amendment does not apply to McLaughlin’s crimes allegedly committed in March 1996 because the applicable version of the statute of limitations is the one in effect when the alleged crimes were committed.
 
 [1]
 

 See State v. White,
 
 794 So.2d 682, 682 n. 1 (Fla. 2d DCA 2001).
 

 On appeal, the State does not contend that it was excused from timely commencing the prosecution. Rather, the State contends that by May 21, 1996, the date the capias was requested, the prosecution had commenced because the information was filed and “other process” issued. In making its argument that other process issued, the State analogizes this case to cases such as
 
 White,
 
 794 So.2d 682, and
 
 State v. Martinez,
 
 790 So.2d 520 (Fla. 2d DCA 2001). In
 
 White,
 
 this court stated that “where the defendant is represented, files a plea and is arraigned, ‘other process’ sufficient to commence prosecution under section 775.15(5) has occurred.” 794 So.2d at 683. The court further explained, “Even if White did not have personal knowledge that the information was filed, arraignment conducted and pretrial scheduled, his attorney did, and the attorney’s knowledge is imputed to his client.”
 
 Id.
 

 In
 
 Martinez,
 
 the public defender’s office was appointed to represent Martinez after he was arrested. Counsel filed a written plea of not guilty, a notice of discovery, and a demand for jury trial. Martinez was still in custody when the State filed its information. Counsel “either appeared at the arraignment on Martinez’s behalf or waived formal arraignment.” 790 So.2d at 522. The case was set for pretrial, and Martinez failed to show up at the pretrial. A capias was issued, and Martinez was not arrested until more than nine years later.
 

 In determining that the prosecution had commenced no later than the date of arraignment, this court explained as follows:
 

 Martinez, either personally or through his counsel, knew that an information had been filed against him and that his prosecution was going forward in the usual way. In fact, counsel had filed a notice to participate in discovery. The only reason that this prosecution did not proceed in a timely manner was that Martinez chose not to attend his pretrial conference.
 

 Id.; see also State v. Ramos,
 
 975 So.2d 638, 639 (Fla. 4th DCA 2008) (“After the information was filed, Ramos received ‘other process’ in the form of the notice to appear at the arraignment.”);
 
 Starling v. State,
 
 799 So.2d 425, 428 (Fla. 5th DCA 2001) (determining that notice of the trial and pretrial conference dates sent to defense counsel after the information was filed constituted “other process” to commence prosecution).
 

 In
 
 State v. Watkins,
 
 685 So.2d 1322, 1323-24 (Fla. 2d DCA 1996), this court affirmed the trial court’s order dismissing charges against Watkins because the State failed to commence prosecution against him “by filing an information or indictment and executing a capias without unreasonable deláy[.]” Judge Altenbernd expressed uncertainty as to “what ‘other process’ should be issued to a person who has been released on bail after first appearance.”
 
 Id.
 
 at 1324 (Altenbernd, J., specially concurring). Judge Altenbernd suggested, “If a letter were sent to the ad
 
 *876
 
 dress provided by the defendant at the time of his arrest, notifying him or her of the filing of the information and the date and time of arraignment, I would regard that as sufficient ‘other process’ under these circumstances.”
 
 Id.
 
 Judge Alten-bernd noted that the record contained “no proof that such a letter was sent or received.”
 
 Id.
 
 at 1324, n. 2. He also recognized that the State carried the burden of proof.
 
 Id.
 
 at 1325.
 

 Here, the public defender’s office was initially appointed for the first appearance held on March 10, 1996. The State contends in its brief that McLaughlin’s “counsel filed a written plea of not guilty, and either appeared at the arraignment on [McLaughlin’s] behalf or waived formal arraignment. Therefore, even if [McLaughlin] did not personally know the information had been filed, arraignment conducted, and pretrial scheduled, her counsel did.” The record does not support the State’s factual assertions. Nothing in the record shows that counsel filed a written plea of not guilty. The document to which the State refers is the Notice of Defendant’s Invocation of Right to Counsel, filed on the date of the first appearance, March 10, 1996, well before the information was filed on May 2, 1996. It is clear that the invocation of right to counsel is not a plea.
 

 Although the case progress notes reflect that arraignment was set for May 21, 1996, they do not reflect that notice was sent to counsel, that counsel appeared at arraignment, or that counsel formally waived arraignment. Rather, the case progress notes show that a capias was requested on May 21, 1996, no doubt because McLaughlin did not show up at the arraignment. Furthermore, although the case progress notes reflect that notice was sent to McLaughlin, they do not indicate to what address the notice was sent and, in fact, indicate that the notice to McLaughlin was returned. The record also does not support the State’s assertion that McLaughlin’s counsel knew that preti'ial had been scheduled. Nothing reflects that a pretrial had been scheduled in 1996 on the charges against McLaughlin. The record does show that a motion for extension of time was filed on June 24, 1996, but the case progress notes seem to indicate that the motion was filed by the bail bondsman’s counsel regarding forfeiture of the bond.
 

 Our record evidence is simply insufficient to prove that “other process” issued after the information was filed. McLaughlin was released from jail in March 1996, the information was filed in May 1996, and notice to McLaughlin of the arraignment date was returned. Nothing shows that counsel was notified of McLaughlin’s arraignment or that counsel appeared on McLaughlin’s behalf at arraignment. Nothing reflects that McLaughlin or any counsel “knew that an information had been filed against [her] and that [her] prosecution was going forward in the usual way.”
 
 Martinez,
 
 790 So.2d at 522. Based on the circumstances here, we conclude that the prosecution did not commence within the applicable statute of limitations. Therefore, we reverse the order withholding adjudication and imposing court costs and remand for the trial court to dismiss the charges.
 

 Reversed and remanded.
 

 VILLANTI and WALLACE, JJ., Concur.
 

 [1]
 

 . The 1997 amendment also provides, "Prosecution on a charge on which the defendant has previously been arrested or served with a summons is commenced by .the filing of an indictment, information, or other charging document.” § 775.15(5)(a), Fla. Stat. (1997). Thus, if the 1997 amendment were applicable, our result would be different because the prosecution would have been timely commenced by the filing of the information after McLaughlin was arrested in 1996.