LAWSON, J.
 

 Patsy Schuster pled no contest to the charge of first-degree grand theft,
 
 [1]
 
 reserv
 
 *118
 
 ing her right to appeal the denial of her motion to dismiss the information on statute of limitation grounds. We agree that the motion to dismiss should have been granted, and reverse.
 

 Schuster was charged by information with first-degree grand theft, alleged to have been committed between December 21, 2000 and June 20, 2001. The information was filed on June 21, 2001, and a capias was issued for Schuster’s arrest. However, the record reflects that Schuster was not arrested until she learned of the outstanding capias and turned herself in more than seven years later, on October 28, 2008. The crime charged is subject to a five-year statute of limitations.
 
 See
 
 § 812.035(10), Fla. Stat. (2001). This specific statute of limitations controls over the more general limitations provisions found in section 775.15, Florida Statutes.
 
 See, e.g., McLaughlin v. State,
 
 15 So.3d 872 (Fla. 2d DCA 2009);
 
 Kidd v. State,
 
 985 So.2d 1180 (Fla. 4th DCA 2008);
 
 State v. Telesz,
 
 873 So.2d 1236 (Fla. 2d DCA 2004). The cause of action accrued when the crime was committed, no later than June 20, 2001.
 

 A prosecution is commenced, for statute of limitations purposes, when the information is filed, unless there is an “unreasonable delay” in execution of the capias. § 775.15(5), Fla. Stat. (2001). In determining the reasonableness of any delay in executing a capias, the trial court must consider the state’s “inability to locate the defendant after diligent search” and “the defendant’s absence from the state.” In this case, the State failed to produce any evidence that it made an effort to locate Schuster. Instead, it argued that its delay in execution of the capias was reasonable because Schuster resided outside of Florida. However, the State’s evidence failed to establish Schuster’s absence from this state during the limitation period.
 
 See Kidd,
 
 985 So.2d at 1181 (“The state has the burden of proving that prosecution is not barred by the statute of limitations.”) (citations omitted). Therefore, the motion to dismiss should have been granted.
 
 McLaughlin,
 
 15 So.3d at 876;
 
 Cunnell v. State,
 
 920 So.2d 810, 812-13 (Fla. 2d DCA 2006);
 
 Williams v. State,
 
 913 So.2d 760 (Fla. 4th DCA 2005).
 

 Accordingly, we reverse Schuster’s conviction and sentence, and remand with directions that the trial court dismiss the charge.
 

 REVERSED AND REMANDED.
 

 PALMER and JACOBUS, JJ„ concur.
 

 [1]
 

 . See § 812.014(1) and (2)(a), Fla. Stat. (2001).