GROSS, C.J.
 

 We affirm the circuit court’s dismissal of this case on the ground that the statute of limitations had run.
 

 By an information filed on October 1, 2003, appellant was charged with grand theft. According to the probable cause affidavit, the offenses occurred before April 26, 2003. Appellant was not arrested until May, 2008.
 

 Prosecution for grand theft must be commenced “within 5 years after the cause of action accrues.” § 812.035(10), Fla. Stat. (2003). Here, the grand theft “accrued” when every element occurred, no later than April 26, 2003.
 
 See
 
 § 775.15(4), Fla. Stat. (2003). The statute of limitations began to run on April 27, 2003.
 
 See id.
 
 Where a defendant is not arrested prior to the filing of the information, a prosecution commences when an information is filed, provided that the “information is executed without unreasonable delay.” § 775.15(5)(b), Fla. Stat. (2003). Thus, a prosecution has not “commenced” under the statute until the state has executed the capias without unreasonable delay.
 
 See Soto v. State,
 
 982 So.2d 1290, 1291 (Fla. 4th DCA 2008). “[I]nability to locate the defendant after diligent search or the defendant’s absence from the state shall be considered” in determining what is a reasonable delay.
 
 Id.; see
 
 § 775.15(5)(b), Fla. Stat. (2003);
 
 Williams v. State,
 
 913 So.2d 760, 761 (Fla. 4th DCA 2005).
 

 Here, appellant was arrested over five years after the cause of action accrued. The only testimony at the hearing below was that appellant was continuously available in Florida since 2003. The state offered no testimony to explain this unreasonable delay.
 
 See Williams,
 
 913 So.2d at 761-62.
 

 Affirmed.
 

 WARNER and LEVINE, JJ., concur.