PER CURIAM.
The appellant challenges the order by which the trial court denied his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850, alleging two claims of ineffective assistance of counsel. We affirm and certify conflict with Netherly v. State, 804 So.2d 433 (Fla. 2d DCA 2001).
On November 9, 1994, the appellant robbed the First Union Bank in Tallahassee, Florida. The bank robbery remained unsolved until November 3, 1999, when an anonymous tip indicated that the appellant committed the robbery. An information was filed on November 4, 1999, charging the appellant with robbery with a deadly weapon and grand theft of over $100,000. The appellant was arrested in Chicago, Illinois, on the following day and then transported to Tallahassee. Pursuant to a negotiated plea agreement, the appellant pled nolo contendere to both charges and was sentenced to five years of imprisonment, followed by ten years of probation. The appellant now alleges that his counsel was deficient for failing to move for dismissal of the charges because the information was filed after the statute of limitations had expired.
Prosecution for the offense of robbery with a weapon must be commenced within four years, and within five years for the offense of first-degree grand theft. §§ 775.15(2)(a), 812.035(10), Fla. Stat. (1993). The time period begins to run the day after the offense is committed. Id. § 775.15(4). The commencement of prosecution begins when the indictment or information is filed, provided that process is issued and executed without unreasonable delay. Id. § 775.15(5). Therefore, the appellant contends that the state had until November 10, 1998, to file an information charging him with robbery, and until November 10, 1999, to file an information charging him with grand theft. However, the information filed on November 4, 1999, was timely as to both charges because the statute of limitations was tolled due to the appellant’s continuous absence from the state, pursuant to section 775.15(6), Florida Statutes (1993). Section 775.15, Florida Statutes, provides in pertinent part:
(5) A prosecution is commenced when either an indictment or information is filed, provided the capias, summons, or other process issued on such indictment or information is executed without un *519 reasonable delay. In determining what is reasonable, inability to locate the defendant after diligent search or the defendant’s absence from the state shall be considered....
(6) The period of limitation does not run during any time when the defendant is continuously absent from the state or has no reasonable ascertainable place of abode or work within the state, but in no case shall this provision extend the period of limitation otherwise applicable by more than 3 years.
Neither subsection requires that the defendant’s absence from the state must have hindered the state from proceeding with the prosecution. Instead, case law from the second district added this requirement first to section 775.15(5), and later to section 775.15(6). See State v. Miller, 581 So.2d 641, 642 (Fla. 2d DCA 1991)(holding where the defendant’s absence from the state is not the fault of defendant and does not hinder prosecution, the statute of limitations is not tolled pursuant to section 775.15(5), Florida Statutes); Netherly v. State, 804 So.2d 433, 436-37 (Fla. 2d DCA 2001)(holding where the state is unable to demonstrate that the defendant’s absence from the state delayed prosecution, the statute of limitations is not tolled pursuant to section 775.15(6), Florida Statutes). The second district’s holding in Miller appears to be proper because the dispositive issue under section 775.15(5) is whether the state’s delay in prosecution is reasonable. Thus, in considering the reasonableness of the delay, it is appropriate to look to whether the defendant’s absence from the state hindered the prosecution. However, we disagree with the second district’s holding in Netherly because section 775.15(6) does not require that the delay in prosecution be reasonable in order for the statute of limitations to be tolled. Therefore, we reject the holding in Netherly and apply section 775.15(6) as written. Based on the express language of section 775.15(6), prosecution in this matter was timely commenced, as the appellant was continuously absent from the state and his absence resulted in the tolling of the statute of limitations. Thus, the appellant’s first claim of ineffective assistance of counsel must fail as being without merit.
The appellant next alleges that his trial counsel was deficient for failing to move for dismissal of the grand theft charge on double jeopardy grounds. See Sirmons v. State, 634 So.2d 153 (Fla.1994). The state contends that the appellant’s claim is barred pursuant to Novaton v. State, 634 So.2d 607 (Fla.1994), where the supreme court held that a defendant who knowingly enters a bargained-for plea agreement concerning both the charges and sentences waives any double jeopardy objections. However, a negotiated plea does not preclude an ineffective assistance of counsel claim based on counsel’s failure to challenge the charged offenses on double jeopardy grounds. See Deloach v. State, 831 So.2d 691 (Fla. 3d DCA 2002); Weitz v. State, 795 So.2d 1021 (Fla. 2d DCA 2001); Hubbard v. State, 662 So.2d 746 (Fla. 1st DCA 1995). Nevertheless, the appellant’s claim is conclusively refuted by the record. The appellant was charged with two first-degree felonies, which are each punishable by up to thirty years of imprisonment. However, his negotiated plea agreement provided for a relatively lenient sentence of five years of imprisonment, followed by ten years of probation, in exchange for his plea of nolo contendere to both charges. Counsel cannot be deemed deficient for failing to challenge the charges on double jeopardy grounds, as the transcript reveals that the state was insistent upon the appellant entering a plea to both offenses in order to reap the benefits of the favorable plea *520 agreement. Thus, appellant’s second claim of ineffective assistance of counsel must also fail as being without merit.
Accordingly, we affirm the trial court’s order summarily denying the appellant’s rule 3.850 motion and certify conflict with Netherly v. State, 804 So.2d 433 (Fla. 2d DCA 2001).
AFFIRMED.
WOLF, C.J., ALLEN and DAVIS, JJ., Concur.