985 So.2d 1180 (2008)
Matthew KIDD, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D08-1174.
District Court of Appeal of Florida, Fourth District.
July 2, 2008.
Matthew Kidd, Sanderson, pro se.
Bill McCollum, Attorney General, Tallahassee, and Thomas A. Palmer, Assistant Attorney General, West Palm Beach, for respondent.
POLEN, J.
Matthew Kidd petitions this court for a writ of prohibition seeking review of an order that denied his motion to dismiss pending charges because the statute of limitations has run.
According to his motion, while serving a prison sentence on another case, Kidd received notice on February 3, 2004, that a detainer was issued informing prison officials of pending charges in Martin County. A warrant was issued for dealing in stolen property, a second degree felony, and forgery, a third degree felony. Kidd says he was never served with an information and he was never arrested on the warrant.
He moved to dismiss the charges based on the statute of limitations. Without ordering a response from the state the trial court denied the motion explaining that Kidd was never arrested on the warrant. The trial court's reasoning does not support denial of the motion.
Section 775.15, Florida Statutes, sets out the statutes of limitations for different degrees of criminal offenses. Unless otherwise provided, the prosecution for second and third degree felonies must be commenced within three years after commission of the offense. § 775.15(2)(b), Fla. Stat. Forgery is an offense under section 831.01 and dealing in stolen property is an offense under section 812.019. The three-year statute of limitations applies to the forgery charge, but the state has five years to prosecute the charge for dealing in stolen property. § 812.035(10), Fla. Stat.
Section 775.15(4), Florida Statutes, provides in part:
(a) Prosecution on a charge on which the defendant has previously been arrested or served with a summons is commenced by the filing of an indictment, information, or other charging document.
(b) A prosecution on a charge on which the defendant has not previously been arrested or served with a summons is commenced when either an indictment or information is filed, provided the capias, summons, or other process issued on such indictment or information is executed without unreasonable delay. In determining what is reasonable, inability to locate the defendant after diligent search or the defendant's absence from the state shall be considered. The failure to execute process on or extradite a defendant in another state who has been charged by information or indictment with a crime in this state shall not constitute an unreasonable delay.
Based on the sworn allegations in Kidd's motion and in this petition, he has been in state custody the entire time and it appears the statute of limitations has run on the forgery charge and may have run on the dealing in stolen property charge. See, e.g., MacKinnon v. State, 891 So.2d *1181 1175 (Fla. 1st DCA 2005) (granting prohibition and concluding the three-year statute of limitations had run on a forgery charge where the petitioner had been arrested, but prosecution had not been commenced by the filing of an information); see also Lett v. State, 837 So.2d 614, 615 (Fla. 4th DCA 2003) ("The filing of a detainer, which merely advises prison officials that a prisoner has other charges and requests notice of the prisoner's release, is not the equivalent of the process contemplated by section 775.15(5).").
The state has the burden of proving that prosecution is not barred by the statute of limitations. Cunnell v. State, 920 So.2d 810 (Fla. 2d DCA 2006); Berntson v. State, 804 So.2d 406 (Fla. 4th DCA 2001); Neal v. State, 697 So.2d 903 (Fla. 2d DCA 1997); State v. Picklesimer, 606 So.2d 473 (Fla. 4th DCA 1992).
The state did not have an opportunity to respond to the motion below.
Accordingly, the circuit court's order is quashed and this case is remanded for further proceedings.
HAZOURI and DAMOORGIAN, JJ., concur.