LaROSE, Judge.
 

 The State appeals a trial court order dismissing, on statute of limitations grounds, the grand theft charge against Margarita Perez. We have jurisdiction.
 
 See
 
 Fla. RApp. P. 9.140(c)(1)(A). The State argues that “[t]he plain language of [section 775.15, Florida Statutes (1999),] indicates that [Ms. Perez’s] absence from the state in and of itself tolls the limitations period.” We cannot agree. Accordingly, we affirm.
 

 The State filed an information on November 27, 2002, alleging that Ms. Perez committed grand theft between May 1 and August 31, 2000. A capias issued. Section 812.035(10), Florida Statutes (2000), is the statute of limitations for theft.
 
 State v. Telesz,
 
 873 So.2d 1236, 1237-38 (Fla. 2d DCA 2004) (reiterating that the specific provisions of section 812.035(10) control for grand theft charges instead of the general five-year statute of limitations for third-degree felonies outlined in section 775.15);
 
 see also Brown v. State,
 
 674 So.2d 738, 740 n. 1 (Fla. 2d DCA 1995) (explaining that statutes of limitation that apply are those that were in effect at the time of the incidents giving rise to the criminal charges),
 
 superseded by statute on other grounds as stated in State v. Paulk,
 
 946 So.2d 1230, 1231 (Fla. 4th DCA 2007). Section 812.035(10) provides a five-year limitations period. That period can be extended for no more than one year should a defendant be continuously absent from the state. § 812.035(10).
 

 Here, the limitations period began to run on September 1, 2000.
 
 See
 
 § 775.15(4);
 
 Brown,
 
 674 So.2d at 741 (holding that the period of limitations begins to run on the day after the offense is committed and runs until the prosecution is commenced). The information was filed within the limitations period. The capias must be executed without unreasonable delay. § 775.15(5)0»), (6), Fla. Stat. (1999). The capias here was issued within the limitations period but was not executed until September 9, 2010, almost eight years after the State filed the information.
 
 See
 
 § 812.035(10);
 
 Brown,
 
 674 So.2d at 741 n. 2.
 

 At the hearing on her motion to dismiss, Ms. Perez conceded that the State was entitled to a six-year limitations period allowed by section 812.035(10) due to her absence from Florida. Thus, the limita
 
 *308
 
 tions period would have expired at the end of August 2006. The State urges us to bootstrap the general provisions of section 775.15(5)(b) and (6)
 
 [1]
 
 onto the specific provisions of section 812.035(10) to toll the limitations period automatically and indefinitely due to Ms. Perez’s out-of-state status.
 

 Section 775.15(5)(b), effective July 1, 1997, provides, among other things, that process must be executed without unreasonable delay:
 

 In determining what is reasonable, inability to locate the defendant after diligent search or the defendant’s absence from the state shall be considered. The failure to execute process on or extradite a defendant in another state who has been charged by information or indictment with a crime in this state shall not constitute an unreasonable delay.
 

 Section 775.15(6) provides:
 

 The period of limitation does not run during any time when the defendant is continuously absent from the state or has no reasonably ascertainable place of abode or work within the state. This provision shall not extend the period of limitation otherwise applicable by more than 3 years, but shall not be construed to limit the prosecution of a defendant who has been timely charged by indictment or information or other charging document and who has not been arrested due to his or her absence from the state or has not been extradited for prosecution from another state.
 

 Nothing in section 775.15 suggests that it supersedes or adds to the specific limitation provisions for grand theft provided in section 812.035(10). We have recognized that a more specific statute controls over a more general statute.
 
 Telesz,
 
 873 So.2d at 1237-38 (holding that section 812.035(10) takes precedent over section 775.15 in theft cases and citing collection of authorities);
 
 State v. Guthrie,
 
 567 So.2d 544, 545 (Fla. 2d DCA 1990) (rejecting argument that section 775.15 tolling provision applies to the more specific provision in section 812.035(10) and noting that the latter statute specified that its statute of limitations controls “notwithstanding any other provision of law”);
 
 see also Schuster v. State,
 
 21 So.3d 117, 118 (Fla. 5th DCA 2009) (reversing denial of motion to dismiss grand theft charge on statute of limitations grounds; specific statute of limitations for theft controlled over more general limitation provisions for prosecution of crimes). Thus, sections 775.15(5) and (6) yield to section 812.035(10), and the State was limited to a maximum limitations period of six years.
 

 Moreover, the trial court considered the State’s delay in executing the capias. The trial court concluded that the State did not act diligently in trying to locate Ms. Perez, irrespective of her absence from Florida.
 
 See Netherly v. State,
 
 804 So.2d 433, 437 (Fla. 2d DCA 2001);
 
 Williams v. State,
 
 707 So.2d 897, 897-98 (Fla. 2d DCA 1998);
 
 Schuster,
 
 21 So.3d at 118.
 

 Ms. Perez raised the statute of limitations issue. The State had the burden to establish that the offense was not time barred.
 
 See Clements v. State,
 
 979 So.2d 256, 260 (Fla. 2d DCA 2007). The statute of limitations must be liberally construed in favor of the accused.
 
 Id.; Netherly,
 
 804 So.2d at 436. The trial court found that the State had not attempted to ascertain Ms. Perez’s whereabouts at all during the
 
 *309
 
 applicable limitations period. The record supports that finding.
 

 Affirmed.
 

 DAVIS and CRENSHAW, JJ., Concur.
 

 [1]
 

 . Presently numbered section 775.15(4)(b) and (5).
 
 See
 
 ch. 2005-110, § 1, at 1059-61, Laws of Fla.