VAN NORTWICK, J.
Brian Michael Robinson challenges the denial of his motion to dismiss, arguing that the statute of limitations prohibited the State from proceeding against him. Because the running of the statute of limitations was tolled under section 775.15(5), Florida Statutes (2008), while Robinson was continuously absent from the state, his prosecution was not barred by the statute of limitations. Accordingly, we affirm.
Under section 775.15(2)(b), Florida Statutes (2008), prosecution for second and third degree felonies must be commenced within three years. This limitations period may be tolled, however, for the time during which the defendant is continuously absent from the state. § 775.15(5), Fla. Stat. (2008); Pearson v. State, 867 So.2d 517, 519 (Fla. 1st DCA 2004). Statutes of limitations on criminal offenses must be liberally construed in favor of the accused. Sutton v. State, 784 So.2d 1239, 1241 (Fla. 2d DCA 2001). Once the jurisdiction of the court is challenged by the raising of the statute of limitations, the State has the burden to establish that the offense is not barred by the statute. Fleming v. State, 524 So.2d 1146,1146-47 (Fla. 1st DCA 1988).
Section 775.15(4)(b) provides that process must be executed without unreasonable delay and:
In determining what is reasonable, inability to locate "the defendant after diligent search or the defendant’s absence from the state shall be considered. The failure to execute process on or extradite a defendant in another state who has been charged by information or indictment with a crime in this state shall not constitute an unreasonable delay.
Section 775.15(5) provides, in pertinent part, that “[t]he period of limitation does not run during any time when the defendant is continuously absent from the state.... ” Here, the State established that Robinson was continuously absent from the state between May 2008 and May 2012.
Robinson asserts that the State may not avail itself of this tolling provision, however, because it failed to demonstrate that it made a diligent search for Robinson or that his absence from the state hindered prosecution. We do not agree. This court has held that, where the defendant is continuously absent from the state, the express language of section 775.15(5) does not require that the State undertake a diligent search or that the defendant’s absence hindered the prosecution for the statute of limitations to be tolled. Pearson, 867 So.2d at 519. As we noted in Pearson, id., our reading of section 775.15(5) conflicts with the second district’s interpretation of that statute in Netherly v. State, 804 So.2d 433, 437 (Fla. 2d DCA 2001), and State v. Perez, 72 So.3d 306, 308 (Fla. 2d DCA 2011). Accordingly, since Robinson’s continuous absence from the state resulted in the tolling of the statute of limitations, prosecution in this matter was timely commenced.
AFFIRMED.
OSTERHAUS, J., and FENSOM, JAMES B., Associate Judge, concur.