NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STATE OF FLORIDA,    )
          )
   Appellant,   )
          )
v.         )  Case No. 2D13-4974
          )
AMRIESH SOEBHAG,   )
          )
   Appellee.   )
_____ )

Opinion filed April 29, 2015.

Appeal from the Circuit Court for
Polk County; Michael E. Raiden,
Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Wendy Buffington,
Assistant Attorney General, Tampa,
for Appellant.

Ronald N. Toward, Bartow, for
Appellee.


NORTHCUTT, Judge.

   The State appeals the dismissal of an information charging Amriesh

Soebhag with eight crimes. Contrary to the circuit court's conclusion, the statute of

limitations has been tolled throughout Soebhag's absence from Florida since 2004.

Accordingly, we reverse.

Soebhag has never been arrested in this case. The State filed an information and issued an arrest warrant in 2004. But also that year, Soebhag left the United States and moved to the Netherlands. The police learned that he had left the country and took no further action. Soebhag has not returned. In 2013, his attorney filed a motion to dismiss and argued that the prosecution was barred by the statute of limitations. After taking evidence, the circuit court agreed. We review this order de novo, applying the statute of limitations in effect at the time of the alleged crimes. See State v. Perez, 952 So. 2d 611, 612 (Fla. 2d DCA 2007).

Soebhag was charged with lewd molestation, two counts of lewd conduct, two counts of lewd or lascivious exhibition, showing obscene material to a minor, and two counts of contributing to the delinquency of a child. In sum, he was accused of five second-degree felonies, one third-degree felony, and two misdemeanors. Section 775.15(2), Florida Statutes (2004), provides that a prosecution for second- or third-degree felonies must be commenced within three years and for misdemeanors within two years "[e]xcept as otherwise provided in this section." When, as here, the accused has not previously been arrested on the charges, a prosecution is commenced upon the filing of an indictment or information, "provided the capias, summons, or other process issued on such indictment or information is executed without unreasonable delay." § 775.15(5)(b). Without dispute, the information against Soebhag was filed within the applicable limitations periods. The question is whether during the ensuing decade there has been an unreasonable delay in executing process or whether the State's time to act has been tolled.

- 2 -

The statute answers this question. "The failure to execute process on or extradite a defendant in another state who has been charged by information or indictment with a crime in this state shall not constitute an unreasonable delay." § 775.15(5)(b). On its face, this last sentence of subsection (5)(b) sets forth a bright-line rule that requires us to reverse.

We disagree with Soebhag's assertion that in his case the rule is altered by language in the next subsection of the statute. Section 775.15(6) provides as follows:

> The period of limitation does not run during any time when the defendant is continuously absent from the state or has no reasonably ascertainable place of abode or work within the state. This provision shall not extend the period of limitation otherwise applicable by more than 3 years, but shall not be construed to limit the prosecution of a defendant who has been timely charged by indictment or information or other charging document and who has not been arrested due to his or her absence from this state or has not been extradited for prosecution from another state.

Based on the first half of subsection (6), Soebhag maintains that the limitations period can never be extended by more than three years. But his argument ignores the express language in the second half of this subsection: the three-year cap does not apply to a defendant who has been timely charged but who has not been arrested due to either his absence from Florida or the State's failure to extradite him. As we held in Perez, under this version of the statute, the time was tolled "for as long as [the defendant] remained absent from Florida" and the State was relieved "from any obligation to attempt to extradite" the defendant. 952 So. 2d at 613.

The circuit court was mistaken to rely on another case from this court, also involving a defendant named Perez. In State v. Perez, 72 So. 3d 306 (Fla. 2d

DCA 2011), we addressed a specific statute of limitations applicable to grand theft contained in chapter 812, Florida Statutes (2000). Section 812.035(10) provided, in pertinent part, that "the period of limitation does not run during any time when the defendant is continuously absent from the state or is without a reasonably ascertainable place of abode or work within the state, but in no case shall this extend the period of limitation otherwise applicable by more than 1 year." Unlike the general limitations statute, this one did not include language that excluded from the limitations cap defendants who had been charged but not arrested due to their absence from Florida or that relieved the State of any obligation to seek extradition. Compare § 775.15(5)(b), (6), Fla. Stat. (1999), with § 812.035(10), Fla. Stat. (2000). Applying the principle that specific statutes must control over general ones, we held that subsections (5) and (6) of section 775.15 must "yield to section 812.035(10), and the State was limited to a maximum limitations period of six years." Perez, 72 So. 3d at 308. For obvious reasons, that decision has no bearing on the instant case.

Neither is Soebhag aided by Netherly v. State, 804 So. 2d 433 (Fla. 2d DCA 2001). That case involved the 1991 statute of limitations, which predated the amendment that added the statutory language discussed above. See ch. 97-90, § 1, at 514, Laws of Fla. (adding the pertinent provisions to section 775.15(5) and (6)). For this reason, we are not in conflict with the First District. Cf. Robinson v. State, 153 So. 3d 313 (Fla. 1st DCA 2014) (holding that statute of limitations was tolled due to defendant's continuous absence from Florida; suggesting conflict with Netherly and Perez, 72 So. 3d 306).

- 4 -

We reverse the order dismissing the information against Soebhag and we remand for further proceedings.

Reversed and remanded.

CRENSHAW and SLEET, JJ., Concur.