# Supreme Court of Florida

_____

No. SC15-233
_____

**BRIAN MICHAEL ROBINSON,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[November 17, 2016]

LABARGA, C.J.

Brian Michael Robinson seeks review of the decision of the First District Court of Appeal in Robinson v. State, 153 So. 3d 313 (Fla. 1st DCA 2014), on the ground that it expressly and directly conflicts with the decisions of the Second District Court of Appeal in State v. Perez, 72 So. 3d 306 (Fla. 2d DCA 2011), and Netherly v. State, 804 So. 2d 433 (Fla. 2d DCA 2001), on a question of law. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. As we will explain, we approve the decision in Robinson, and disapprove the decisions in Perez and Netherly to the extent they hold that the State must prove a defendant's absence from the state hindered the prosecution or that the State conducted a diligent search

for the defendant while he was continuously absent in order to toll the statute of limitations set forth in section 775.15, Florida Statutes (2008).

## BACKGROUND AND FACTS

On July 20, 2012, Brian Michael Robinson was charged in an information in Count 1, a second-degree felony, with promoting sexual conduct by a child in violation of section 827.071(3), Florida Statutes (2007), and Counts 2 through 10, third-degree felonies, with possession of a photograph, motion picture, exhibition, show, representation or other presentation, to-wit, video or images, which included sexual conduct by a child in violation of section 827.071(5), Florida Statutes (2007).

After Robinson was arrested on a longstanding warrant for possession of child pornography, he filed a motion to dismiss, claiming that the statute of limitations applicable to second- and third- degree felonies barred his prosecution. He contended that under section 775.15(2)(b), Florida Statutes (2008), the prosecution of any felony other than a capital or first-degree felony must be commenced within three years after commission of the alleged criminal act, and that after the arrest warrant was issued on January 20, 2009, Robinson was never contacted by law enforcement regarding the warrant until June 12, 2012. The State countered that Robinson was outside of the state from May 2008 until June 2012 and, thus, the statute of limitations had not run because it was tolled during the

entire time. Pursuant to section 775.15(5), Florida Statutes, (2008), the State argued, it need only prove that the defendant had been continuously absent from the state during the time in question in order to toll the statute of limitations.

Robinson disagreed and argued that in order to toll the statute of limitations, the State must show that it conducted a diligent search to locate Robinson or that his absence hindered the State's prosecution. Although Robinson did not contend that he was in the state during the time frame of May 2008 until June 2012, he alleged that at all pertinent times he was a member of the United States Army and was "available" to law enforcement, and was never "unreachable" because his address of record was his parents' home in Pace, Florida.

A hearing was held on the motion to dismiss in the circuit court of Okaloosa County, at which the parties stipulated to a number of pertinent facts. The conduct alleged in Count 1 was stipulated to have occurred on November 20, 2007, and the statute of limitations for these offenses would have run on November 21, 2010, unless it was tolled. It was stipulated that the limitations period on Counts 2 through 10, which were alleged to have occurred on February 29, 2008, would have run on March 1, 2011, unless it was tolled. The parties also stipulated that from November 20, 2007, through February 27, 2013, Robinson was in the United States Army on active duty, and that at all pertinent times Robinson's address of record was on Curtis Road in Pace, Florida. It was further stipulated that no one

from law enforcement called on Robinson to turn himself in between January 2009 and June 2012, and that investigators did not speak with Robinson's parents or visit his address of record in Pace, Florida, at any time prior to his arrest in 2012.[1] The evidence showed that, in March 2008, Robinson met with law enforcement officers and gave a sworn statement. Robinson agreed that he was sent from Eglin Air Force Base in Florida to Fort Bragg, North Carolina, in May 2008, and then to a base in Hawaii in January 2011. Counsel agreed that Robinson was sent from Hawaii to Afghanistan in April 2011; specifically, from April 8, 2011, to March 25, 2012, Robinson was deployed from Hawaii to Afghanistan. He returned to Hawaii in March 2012, and returned to Florida in June 2012 to visit his family, at which time he turned himself in. Robinson's counsel agreed at the hearing that when Robinson was stationed outside the state as a result of his military service, he was not at his home address in Florida, and nothing was presented to show that Robinson was not continually absent from the state during these time frames.

The record reflects that in April 2011, Okaloosa County Sheriff's Investigator Todd Watkins contacted the United States Marshals Service in Hawaii and found that Robinson had been deployed to Afghanistan. In June 2012, United States Marshals went to Robinson's residence in Hawaii and made contact with his

---

1. A warrant was issued for his arrest in January 2009 while he was out of state.

wife, who put them into telephone contact with Robinson, who was then in Florida. On that same day in June 2012, Investigator Watkins made arrangements with Robinson to turn himself in.[2] The Information charging violations of section 827.071, Florida Statutes, was subsequently filed on July 19, 2012.

Robinson's counsel argued at the motion to dismiss hearing that even though Robinson was outside Florida for most of the time during the limitations period, the State failed to make any diligent search for him, and that Robinson's absence from the state was not his fault and did not prevent the State from prosecuting him. The State countered that section 775.15(5), which provides a tolling of the statute of limitations when a defendant is continuously out of state, did not require any type of search be made or that the absence hindered the prosecution. The State further contended that during the time that Robinson was out of state and deployed to Afghanistan, there was no practical way he could have been brought back.

The trial court denied Robinson's motion to dismiss on the grounds that "[s]ection 775.15(5), Florida Statutes (2008), provides that '[t]he period of

---

2. On January 23, 2009, the case agent was contacted by Investigator Todd Watkins regarding the warrant, and the case agent reported that Robinson would "self-surrender if called." Two years later, in April 2011, after the case agent had died, Watkins noticed that Robinson's warrant was still outstanding. Watkins went to Robinson's old address and ultimately determined that Robinson was stationed in Hawaii. That same April 2011, Watkins learned that Robinson had been deployed to Afghanistan.

limitation does not run during any time when the defendant is continuously absent from the state,' " and because the decisions of three district courts of appeal had previously held that section 775.15 tolls the statute of limitations when the defendant is continuously absent from the state.[3] Based on the evidence presented and stipulations and agreement of counsel, the trial court found that "Defendant was continuously absent from the State" during the relevant time period.

Robinson then entered a plea of no contest to all the charges and was adjudicated guilty on all counts. At the plea hearing, he was sentenced on Count 1 to 42.45 months in prison to be followed by five years' sex offender probation. As to Counts 2 through 10, he was sentenced to five years' probation consecutive to his incarceration. Prior to the plea, Robinson expressly reserved the right to appeal the denial of his motion to dismiss as dispositive, to which the prosecutor agreed. The trial court allowed the reservation and Robinson appealed to the First District Court of Appeal.

On appeal, the First District affirmed the case. Robinson, 153 So. 3d 313. In construing section 775.15(5), Florida Statutes (2008), the First District held that the "limitations period may be tolled, however, for the time during which the

_____

3. The circuit court relied on the decisions in Pearson v. State, 867 So. 2d 517, 518-19 (Fla. 1st DCA 2004), King v. State, 687 So. 2d 917, 918-19 (Fla. 5th DCA 1997), and State v. Picklesimer, 606 So. 2d 473, 474-75 (Fla. 4th DCA 1992).

defendant is continuously absent from the state." Id. at 314. The district court further held, as it did in Pearson, that "where the defendant is continuously absent from the state, the express language of section 775.15(5) does not require that the State undertake a diligent search or show that the defendant's absence hindered the prosecution for the statute of limitations to be tolled." Id. at 314 (citing Pearson, 867 So. 2d at 519). In reaching this conclusion, the First District found that the State proved Robinson was continuously absent from the state between May 2008 and May 2012. Id. The First District explained that its reading of section 775.15(5) in this case, as in Pearson in 2004, conflicts with the Second District's interpretation of earlier versions of the statute in Netherly and Perez. See Robinson, 153 So. 3d at 314. Based on that statement, Robinson sought discretionary review, which this Court granted.

Before we discuss the court decisions cited for conflict, it is instructive to review the pertinent provisions of section 775.15, Florida Statutes (2008), which state:

> **775.15. Time limitations; general time limitations; exceptions.—**
> (1) A prosecution for a capital felony, a life felony, or a felony that resulted in a death may be commenced at any time. If the death penalty is held to be unconstitutional by the Florida Supreme Court or the United States Supreme Court, all crimes designated as capital felonies shall be considered life felonies for the purposes of this section, and prosecution for such crimes may be commenced at any time.

(2) Except as otherwise provided in this section, prosecutions for other offenses are subject to the following periods of limitation:

(a) A prosecution for a felony of the first degree must be commenced within 4 years after it is committed.

(b) A prosecution for any other felony must be commenced within 3 years after it is committed.

(c) A prosecution for a misdemeanor of the first degree must be commenced within 2 years after it is committed.

(d) A prosecution for a misdemeanor of the second degree or a noncriminal violation must be commenced within 1 year after it is committed.

(3) An offense is committed either when every element has occurred or, if a legislative purpose to prohibit a continuing course of conduct plainly appears, at the time when the course of conduct or the defendant's complicity therein is terminated. Time starts to run on the day after the offense is committed.

(4)(a) Prosecution on a charge on which the defendant has previously been arrested or served with a summons is commenced by the filing of an indictment, information, or other charging document.

(b) A prosecution on a charge on which the defendant has not previously been arrested or served with a summons is commenced when either an indictment or information is filed, provided the capias, summons, or other process issued on such indictment or information is executed without unreasonable delay. In determining what is reasonable, inability to locate the defendant after diligent search or the defendant's absence from the state shall be considered. The failure to execute process on or extradite a defendant in another state who has been charged by information or indictment with a crime in this state shall not constitute an unreasonable delay.

. . .

(5) The period of limitation does not run during any time when the defendant is continuously absent from the state or has no reasonably ascertainable place of abode or work within the state. This provision shall not extend the period of limitation otherwise applicable by more than 3 years, but shall not be construed to limit the prosecution of a defendant who has been timely charged by indictment or information or other charging document and who has not been arrested due to his or her absence from this state or has not been extradited for prosecution from another state.

§ 775.15(1)-(5), Fla. Stat. (2008) (emphasis added).  With these statutory

provisions in mind, we turn to the cases in conflict.

**The Conflict Cases**

The First District stated that its decision in this case and its earlier decision

in Pearson are in conflict with decisions of the Second District Court of Appeal in

Netherly and Perez.  See Robinson, 153 So. 3d at 314.  We granted review to

resolve this conflict.  The Second District's decision in Netherly expressly

construed an earlier version of the statute at issue here, stating

> merely demonstrating his absence was not enough to toll the statute.
> In order to avail themselves of the three-year tolling provision of
> section 775.15, the State must have shown that his absence prevented
> or delayed his prosecution for this offense.  This court has repeatedly
> held that the statute of limitations will not be tolled pursuant to section
> 775.15(6) in cases where the State is unable to demonstrate that
> prosecution was delayed due to the defendant's absence from the
> state.

Netherly, 804 So. 2d at 436-37.  The facts in Netherly showed that the defendant

was absent from the state between October 1992 and September 1995 during the

limitations period for the crime charged.  However, the Second District concluded

that, in addition to absence from the state, under that subsection, the State must

show that its prosecution of Netherly was delayed or prevented by his absence.  Id.

at 437.

In Perez, the Second District, in construing a different statute, held that the

defendant's absence from the state did not toll the five-year grand theft statute of

- 9 -

limitations under section 812.035(10), Florida Statutes (2000).[4]  In so holding, the Second District refused to "bootstrap the general provisions of section 775.15(5)(b) and (6) onto the specific provisions of section 812.035(10) to toll the limitations period automatically and indefinitely due to Ms. Perez's out-of-state status." Perez, 72 So. 3d at 308.  The Second District reasoned in Perez that "[n]othing in section 775.15 suggests that it supersedes or adds to the specific limitation provisions for grand theft provided in section 812.035(10)," and that the specific statute controls over the general.  Id.  However, in discussing these statutes, the Perez court added this comment: "Moreover, the trial court considered the State's delay in executing the capias.  The trial court concluded that the State did not act diligently in trying to locate Ms. Perez, irrespective of her absence from Florida." Id. (citing Netherly, 804 So. 2d at 437).  This latter comment, although it deals with executing a capias and not with the statute of limitations time period, as well as the Second District's citation to Netherly, suggest the court concluded that even if the tolling provisions of section 775.15 could be bootstrapped onto section 812.035(10), the tolling would not apply because the State did not act diligently in

---

4.  In his initial brief, Robinson concedes that Perez may be distinguishable because the statute of limitations primarily being construed in Perez was section 812.035(10), Florida Statutes, which is specifically applicable to theft.  However, because the district court cited Perez as being in conflict, we include Perez in the discussion and analysis of conflict.

- 10 -

trying to locate the defendant. These statements in <u>Netherly</u> and <u>Perez</u>, that in order to toll the running of the statute of limitations the State must prove it conducted a diligent search or that the defendant's absence hindered prosecution, conflict with the First District's holding in <u>Robertson</u>.

**ANALYSIS**

"Judicial interpretations of statutes are pure questions of law subject to de novo review." <u>McDade v. State</u>, 154 So. 3d 292, 297 (Fla. 2014) (quoting <u>Johnson v. State</u>, 78 So. 3d 1305, 1310 (Fla. 2012)). When the statute of limitations is raised as grounds for dismissal of charges, the State has a significant burden and must prove that the prosecution is not barred by the limitations period. <u>See, e.g.</u>, <u>State v. King</u>, 282 So. 2d 162, 164 (Fla. 1973). In this case, we agree with the district court and the circuit court below that the State established Robinson was continually absent from the state between May 2008 and May 2012, and nothing was presented to the contrary. <u>See Robinson</u>, 153 So. 3d at 314. We also agree with the district court's holding that section 775.15(5) does not require the State to conduct a diligent search or prove that the defendant's absence hindered the prosecution in order for Robinson's continuous absence from the state to toll the running of the limitations period.

Robinson contends that the fact that he listed his parents' address in Florida as his address of record means that he was not continuously absent, even though

- 11 -

there was no evidence that he was physically present at that address during the time in question. Instead, the evidence established that he was physically out of Florida from May 2008 through May 2012, and the statute states in pertinent part, "The period of limitation does not run during any time when the defendant is continuously absent from the state or has no reasonably ascertainable place of abode or work within the state." § 775.15(5), Fla. Stat. (emphasis added). Thus, by use of the conjunction "or," the statute expressly differentiates between a defendant who has no reasonably ascertainable abode or place of work in Florida from a defendant who is continuously absent—the statute does not require proof of both. Robinson is correct that he had an ascertainable abode of record in the state, although there was no evidence he actually physically resided there at any time during the pertinent limitations period. The defendant's continuous absence from the state is a separate ground on which the limitations period is tolled.

Moreover, where the Legislature has not defined words in a statute, the words should be given their plain and ordinary meaning, which may be ascertained by reference to a dictionary definition. See Rollins v. Pizzarelli, 761 So. 2d 294, 298 (Fla. 2000). The word "absent" is defined as "not present" or "missing," and "to absent" oneself is defined as "to keep (oneself) away." See Merriam-Webster's Collegiate Dictionary 4 (11th ed. 2003). "Absence" is defined in Black's Law Dictionary as "[t]he quality, state, or condition of being away from one's usual

- 12 -

place of residence." Black's Law Dictionary 8 (10th ed. 2014). Accordingly, under the plain and ordinary meaning of the words "absent" and "absence," as used in section 775.15, Robinson was "continuously absent" from the state even though he had an address of record in Florida.

Robinson also asks this Court to adopt the construction placed on the statute by the Second District, which held in Netherly that the statute of limitations in section 775.15 will not be tolled in cases where the State is unable to demonstrate that the prosecution was delayed due to the defendant's absence from the state. However, this language does not expressly appear in the text of section 775.15, and in stating that requirement, the Second District in Netherly does not identify any portion of the statute that indicates the existence of, or intent for, the requirement.

Nowhere in section 775.15 does the statute require the State to prove that the continuous absence hindered the prosecution or that the State made a diligent search for a defendant who is continuously absent in order to toll the limitations period. Robinson cannot point to any express language imposing such a requirements but argues, "[s]ome burden must be imposed on law enforcement to look for a criminally accused over the span of several years." This contention is primarily a policy argument for what Robinson contends should be required, but no such burden is imposed by the plain and ordinary language of the statute. Whether proof of a diligent search should be required for purposes of the tolling provision

in section 775.15(5) is a policy matter best considered by the Legislature and not a requirement to be engrafted onto the statute by the courts. This Court has held that legislative intent must not be determined based on "this Court's view of the best policy." Citizens Prop. Ins. Corp. v. Perdido Sun Condo. Ass'n, Inc., 164 So. 3d 663, 668 (Fla. 2015) (citing Rollins, 761 So. 2d at 299, and State v. Ashley, 701 So. 2d 338, 343 (Fla. 1997)). Accordingly, we will not engraft onto section 775.15(5) any requirements that the State must prove it conducted a diligent search or that the defendant's absence hindered the prosecution when the State has established that the defendant was continuously absent from the state during the limitations period. Because the State demonstrated that Robinson was continually absent from the state, the statute of limitations period was tolled under section 775.15(5) and the prosecution which occurred after he returned to Florida was not barred.

**CONCLUSION**

For the reasons explained above, we approve the decision of the First District in Robinson v. State, 153 So. 3d 313 (Fla. 1st DCA 2014). We disapprove the decisions of the Second District in Netherly v. State, 804 So. 2d 433 (Fla. 2d DCA 2001), and State v. Perez, 72 So. 3d 306 (Fla. 2d DCA 2011), to the extent they hold that under section 775.15, Florida Statutes, the State must prove that the defendant's absence from the state hindered the prosecution or that the State

- 14 -

conducted a diligent search for the defendant while he was continuously absent from the state in order to toll the statute of limitations.

It is so ordered.

PARIENTE, LEWIS, QUINCE, and CANADY, JJ., concur.
POLSTON, J., concurs in result.
PERRY, J., dissents.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal – Direct Conflict of Decisions

First District - Case No. 1D14-179

(Okaloosa County)

Ross Alan Keene of Ross Keene Law, P.A., Pensacola, Florida,

for Petitioner

Pamela Jo Bondi, Attorney General, Trisha Meggs Pate, Bureau Chief, and Virginia Chester Harris, Assistant Attorney General, Tallahassee, Florida,

for Respondent