# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D23-3126
LT Case No. 2021-MM-045048-A

_____

ADRIENNE NICOLE WHITTAMORE,

Petitioner,

v.

STATE OF FLORIDA,

Respondent.

_____

Petition for Writ of Prohibition.
A Case of Original Jurisdiction.

Blaise Trettis, Public Defender, Viera, and Raylene Huls-Strickler Coe, Assistant Public Defender, Titusville, for Petitioner.

Ashley Moody, Attorney General, Tallahassee, and Marissa V. Giles, Assistant Attorney General, Daytona Beach, for Respondent.

December 21, 2023

SOUD, J.

Petitioner Adrienne Whittamore seeks a writ from this Court prohibiting her prosecution below, arguing that the State failed to commence the prosecution within the time established by the statute of limitations in section 775.15, Florida Statutes (2020).

We have jurisdiction. *See* Art. V, § 4(b)(3), Fla. Const.; Fla. R. App. P. 9.030(b)(3); Fla. R. App. P. 9.100. The petition is denied.

## I.

Whittamore stands charged below with one count of Soliciting Lewdness (First Offense), a second-degree misdemeanor. The information, filed September 15, 2021, alleges she committed the offense on November 10, 2020, in Brevard County, Florida.

On September 17, 2021, a summons was issued to Whittamore at her last known address on Catalina Street, where she lived at the time of the charged offense. The summons was returned unserved on October 23, 2021, and marked "did not respond to mailer." Thereafter, a capias was issued for Whittamore's arrest on November 5, 2021. The capias shows her last known address as "General Delivery" in Titusville, which is the same as reflected on her driver's license. The capias was not executed until February 23, 2022, in Brevard County, Florida, where Whittamore asserts she has lived continuously since 2019.

Whittamore filed her motion to dismiss, asserting that the one-year statute of limitations expired on November 11, 2021, before the capias was executed. The State argued that the statute of limitations was tolled until the time of Whittamore's arrest because she had no reasonably ascertainable place of abode or work within the state, as contemplated by section 775.15(5), Florida Statutes.

During hearing on the motion, evidence established that Whittamore was unemployed and had lived at no fewer than three locations since November 10, 2020, though timeframes provided were vague and uncertain because—as Whittamore testified— "[she] can't just remember it off the top of [her] head" where she had lived "for every time period."

The trial court denied the motion, concluding the statute of limitations was tolled until Whittamore was arrested because "[t]he Defendant's itinerant lifestyle and lack of employment prevents her from having a reasonably ascertainable place of abode or work from the date of the alleged crime through the date of the arrest and possibly longer." This petition followed.

2

## II.

Whittamore argues the capias was not executed without unreasonable delay as required by section 775.14(4)(b) because there is no evidence the State was diligent in its efforts to locate her. Since the capias was executed more than one year after the charged offense, she concludes the prosecution is barred because it was not commenced within the statute of limitations. Whittamore's argument fails.

### A.

A petition for writ of prohibition is the proper vehicle for challenging a trial court's denial of a motion to dismiss based on the expiration of the statute of limitations. *See Carcaise v. Durden*, 382 So. 2d 1236 (Fla. 5th DCA 1980). However, prohibition is an extraordinary remedy employed only when necessary to "prevent courts from acting where there is no jurisdiction to act (rather than to prevent an erroneous exercise of jurisdiction)." *Sutton v. State*, 975 So. 2d 1073, 1076 (Fla. 2008) (citation omitted). As such, the discretionary writ is narrow and to be issued by Florida courts "with great caution" and only in emergencies "where there is no other 'appropriate and adequate legal remedy.'" *Fetzer v. State*, 360 So. 3d 1173, 1174 (Fla. 5th DCA 2023), *review denied*, No. SC2023-0692, 2023 WL 7325389 (Fla. Nov. 7, 2023) (first quoting *English v. McCrary*, 348 So. 2d 293, 296 (Fla. 1977); and then quoting *Sutton*, 975 So. 2d at 1076).[1]

---

[1] "[Prohibition] is preventive and not corrective in that it commands the one to whom it is directed not to do the thing which the supervisory court is informed the lower tribunal is about to do. Its purpose is to prevent the doing of something, not to compel the undoing of something already done." *English*, 348 So. 2d at 296–97; *see also State v. Jackson*, 306 So. 3d 936, 945 (Fla. 2020) (citing *English*). Prohibition "was never designed to prevent the erroneous exercise of an existing jurisdiction, or to be used as a substitute for a writ of error or appeal." *Fetzer*, 360 So. 3d at 1175 (quoting *State ex rel. Cacciatore v. Drumright*, 156 So. 721, 723 (Fla. 1934)).

B.

As Whittamore has raised the statute of limitations as grounds for dismissal of charges, the State has a "significant burden" to prove the prosecution is not barred. *Robinson v. State*, 205 So. 3d 584, 590 (Fla. 2016) (citing *State v. King,* 282 So. 2d 162, 164 (Fla. 1973)).

1.

Generally, when calculating the statute of limitations, "[t]ime starts to run on the day after the offense is committed." § 775.15(3), Fla. Stat. Whittamore is charged with Soliciting Lewdness (First Offense) on November 10, 2020. Prosecution for this charged second-degree misdemeanor must be commenced within one year of commission of the crime. *See* § 775.15(2)(d), Fla. Stat.

When, as here, an accused has *not* been either arrested or served with a summons at the time of the offense, the prosecution is deemed to have commenced "when either an indictment or information is filed, provided the capias, summons, or other process issued on such indictment or information is executed without unreasonable delay." § 775.15(4)(b), Fla. Stat.[2] In evaluating whether a delay in execution of the capias or summons is reasonable, "inability to locate the defendant after diligent search or the defendant's absence from the state shall be considered." *Id.* However, and importantly, "[t]he period of limitation does not run during any time when the defendant is continuously absent from the state or has no reasonably ascertainable place of abode or work within the state." § 775.15(5), Fla. Stat.

In this case, even though the information was filed prior to the expiration of the one-year statute of limitations, the capias was not executed until February 2022, some fifteen months after the charged offense. Therefore, Whittamore posits, the case must be dismissed because the State failed to meet its burden of

---

[2] When an individual *has* been previously arrested or served with a summons for a crime, prosecution is commenced by the filing of the indictment or information. § 775.15(4)(a), Fla. Stat.

establishing the capias was executed without unreasonable delay—i.e., the State failed to show that it conducted a diligent search to locate her and execute the capias before November 11, 2021.

Whittamore's argument is unavailing because, while sections 775.15(4)(b) and 775.15(5) address similar matters related to the State's failure to execute the capias upon Whittamore before November 11, 2021, each subsection operates independently from the other. *See State v. Picklesimer*, 606 So. 2d 473, 475 (Fla. 4th DCA 1992). Section 775.15(4)(b) allows the state to "relate back" the date of service of the summons or capias to the date the information was filed if such was executed without unreasonable delay. *Id.* When a delay in the service of the summons or capias occurs because of the absence of an accused or an inability to locate an accused, a delay in execution is reasonable when the State conducts a diligent search to locate the defendant. *See Walker v. State,* 543 So. 2d 353, 355 (Fla. 5th DCA 1989) ("Since this capias was executed after the three-year limitation period had expired, the state had the burden of proving that it had been diligent in its efforts to execute the capias in order to establish that the prosecution was timely.").

On the other hand, section 775.15(5) provides that the statute of limitations is tolled when an individual is either "continuously absent from the state or has no reasonably ascertainable place of abode or work within the state." § 775.15(5), Fla. Stat. Different than the relation back allowed by section 775.15(4)(b), section 775.15(5) provides that the statute is tolled—that the statute *does not begin to run*—when a defendant is continuously absent from the state *or* has no reasonably ascertainable place of abode or work in the state. Simply stated, section 775.15(5) allows for the delay of the commencement of prosecution involving a defendant with such a status.

The State does not suggest Whittamore was continuously absent from the State. Rather, the State asserts the one-year statute of limitations was tolled because Whittamore had "no

5

reasonably ascertainable place of abode or work in the state."[3] *See* § 775.15(5), Fla. Stat. Two categories of defendants are contemplated by this language in section 775.15(5): (1) a defendant who, in fact, has no fixed place of abode or employment because he or she moves about from place to place on a continual basis, and (2) a defendant whose circumstances are such that his or her place of abode or employment could not reasonably be ascertained from obvious sources of information. *See generally Cunnell v. State*, 920 So. 2d 810, 813 (Fla. 2d DCA 2006).

In this case *sub judice*, Whittamore had no reasonably ascertainable place of abode as contemplated by section 775.15(5). The State initially endeavored to serve a summons upon Whittamore at her last known address on Catalina Street in Titusville. The summons was returned unserved. Thereafter, a capias was issued for Whittamore that identified her address as "General Delivery" in Titusville, which is the same address as reflected on her Florida driver's license. Further, the State established through Whittamore's testimony that she resided at no fewer than three locations from the time of the November 10, 2020 offense forward. The timeframes she provided for various residences were at best vague and uncertain. Indeed, Whittamore herself testified "[she] can't just remember it off the top of [her] head" where she had lived "for every time period." As a result, Whittamore had no reasonably ascertainable place of abode pursuant to section 775.15(5). Therefore, the statute of limitations was tolled until Whittamore was arrested on the capias. The prosecution is not barred.

2.

Since the statute of limitations was tolled, we need not address whether the capias was executed without unreasonable delay as required by section 775.15(4)(b). Yet, Whittamore argues that under section 775.15(5) the State was required—and failed— to provide evidence of its diligent search for her. By her argument, Whittamore asks us to write into 755.15(5) the diligent search

---

[3] There is no claim by Whittamore that she had an ascertainable place of work. Indeed, at the hearing on her motion to dismiss, she testified she was unemployed.

requirements born of section 755.15(4)(b). We decline Whittamore's invitation.

The plain language of section 775.15(5) places no requirement on the State to conduct a diligent search for a defendant. As the Florida Supreme Court recognized in *Robinson* when construing the continual absence contemplated by section 755.15(5):

> Nowhere in section 775.15 does the statute require the State to prove that the continuous absence hindered the prosecution **or that the State made a diligent search for a defendant** who is continuously absent in order to toll the limitations period. Robinson cannot point to any express language imposing such a requirement[] but argues, "*[s]ome* burden must be imposed on law enforcement to look for a criminally accused over the span of several years." This contention is primarily a policy argument for what Robinson contends should be required, but no such burden is imposed by the plain and ordinary language of the statute. **Whether proof of a diligent search should be required *for purposes of the tolling provision in section 775.15(5)* is a policy matter best considered by the Legislature and not a requirement to be engrafted onto the statute by the courts**. . . . Accordingly, **we will not engraft onto section 775.15(5) any requirements that the State must prove it conducted a diligent search** or that the defendant's absence hindered the prosecution when the State has established that the defendant was continuously absent from the state during the limitations period.

*Robinson*, 205 So. 3d at 591 (emphases added).

The same reasoning applies here. Nothing in section 775.15 requires the State to conduct a diligent search for an individual who has no reasonably ascertainable place of abode or work within the state. Different than section 775.15(4)(b)—which focuses on the State's efforts to locate a defendant for purposes of determining

7

unreasonable delay in service of the capias—section 775.15(5) focuses on the status of a defendant as being "continuously absent from the state" or having "no reasonably ascertainable place of abode or work within the state" for tolling the statute. *See* 775.15(5), Fla. Stat. Certainly, to demonstrate that the applicable statute of limitations is tolled under this provision of section 775.15, the State must show it was unable to ascertain a defendant's place of abode or work after reasonable efforts to do so. However, the plain language of the statute requires reasonable efforts to ascertain, which is different than—and does not rise to the level of—performing a diligent search for such person.

## III.

As Whittamore did not have a reasonably ascertainable place of abode or work within the state as contemplated by section 775.15(5), Florida Statutes, the one-year statute of limitations was tolled. The prosecution below is not barred. Therefore, the petition for writ of prohibition is DENIED.

It is so ordered.

JAY and BOATWRIGHT, JJ., concur.

—————————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

—————————————————