# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————————

Case No. 5D23-697
LT Case No. 2019-CF-003366

———————————————————

AMBER MARIE MORREALE,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

———————————————————

On appeal from the Circuit Court for Lake County.
Heidi Davis, Judge.

Amber Marie Morreale, Ocala, pro se.

Ashley Moody, Attorney General, Tallahassee, and Allison Leigh
Morris, Assistant Attorney General, Daytona Beach, for
Appellee.

March 15, 2024

HARRIS, J.

    Amber Marie Morreale appeals the trial court's order denying
her motion to dismiss the information based upon expiration of the
statute of limitations. We treat the appeal as a petition for writ of
prohibition, grant the petition, quash the order denying the
motion, and remand for further proceedings.

On December 12, 2019, the Tavares Police Department filed an affidavit of probable cause alleging that Morreale committed the crimes of uttering a forged check and grand theft on August 7, 2018. An arrest warrant was issued the same day as the affidavit of probable cause, but it was returned unexecuted. A detainer was filed against Morreale on February 16, 2021, while she was incarcerated for an unrelated matter. Morreale filed a pro se motion to dismiss/resolve detainer on March 5, 2021, in which she asserted she was sentenced to a term of five years at the Hernando Correctional Institution for an unrelated matter where she had resided since November 6, 2019.

On March 10, 2021, the State filed an information charging Morreale with one count of uttering a forged check, a third-degree felony. On November 21, 2022, Morreale filed a motion to dismiss the information, erroneously asserting that the charge was a first-degree misdemeanor, and arguing that prosecution for the charge had not commenced within the two-year statute of limitations for a first-degree misdemeanor. The trial court denied the motion to dismiss, reasoning that Morreale was originally charged with two third-degree felonies, uttering a forged check and grand theft, for which the period of limitations is three years from the commission of the crime (thus, prosecution must have commenced before August 7, 2021). It further explained:

> A prosecution is commenced when an information is filed, provided a capias, summons, or other process is executed without unreasonable delay. *See* § 775.15, Fla. Stat. Here, a detainer was placed on Defendant, who is incarcerated in the Department of Corrections, on February 16, 2021. An information was filed on March 10, 2021. Prosecution has commenced, and the commencement is within the three-year period of limitation.

Morreale appeals the order denying her motion to dismiss.

An appellate court reviews de novo a trial court's order on a motion to dismiss, applying the statute of limitations in effect at the time of the alleged crimes. *See State v. Soebhag*, 163 So. 3d 672,

2

673 (Fla. 2d DCA 2015); *State v. Perez*, 952 So. 2d 611, 612 (Fla. 2d DCA 2007).

Section 775.15(4)(b) provides:

A prosecution on a charge on which the defendant has not previously been arrested or served with a summons is commenced when either an indictment or information is filed, provided the capias, summons, or other process issued on such indictment or information is executed without unreasonable delay. In determining what is reasonable, inability to locate the defendant after diligent search or the defendant's absence from the state shall be considered.

§ 775.15(4)(b), Fla. Stat. (2018). Morreale argues that the term "executed" means completion of service on the defendant, and that the filing of a detainer is not the equivalent of the process contemplated by section 775.15. She argues the trial court erred in denying her motion to dismiss on the basis that a detainer and information were timely filed. [1]

We agree with Morreale that the filing of a detainer is not the equivalent of the process contemplated by section 775.15(4)(b). *See Lett v. State*, 837 So. 2d 614, 615 (Fla. 4th DCA 2003); *see also State v. Fields*, 505 So. 2d 1336, 1337 (Fla. 1987) ("The word 'executed' . . . mean[s] service upon the defendant."). While the information was filed within the three-year statutory period, there is no indication in the record that a capias, summons, or other process was executed pursuant to section 775.14(4)(b). *See State v. Miller*, 581 So. 2d 641, 642 (Fla. 2d DCA 1991) ("[T]he mere filing of an information does not commence a prosecution."). Thus, the trial court's reasoning—that a detainer and information were timely filed—does not support denial of the motion. *See Kidd v.*

---

[1] Morreale acknowledges that her motion to dismiss incorrectly stated that uttering a forged check charge was a first-degree misdemeanor with a two-year statute of limitations, but nevertheless asserts that her argument still applies to the correct charge and limitation period.

*State*, 985 So. 2d 1180 (Fla. 4th DCA 2008) (holding denial of motion to dismiss was error where defendant was not arrested on warrant and was never served with information, and only a detainer was issued while he was serving another sentence).

When a defendant raises whether the applicable statute of limitations has expired, the burden is on the State to prove by competent, substantial evidence that prosecution is not barred. *See Mackey v. State*, 333 So. 3d 775, 778 (Fla. 1st DCA 2022). However, it appears the State did not have an opportunity to respond to the motion. Accordingly, we grant the petition, quash the order denying the motion to dismiss, and remand for further proceedings in order for the trial court to consider whether any capias, summons, or other appropriate process was executed and whether any delay in doing so was unreasonable. *See Kidd*, 985 So. 2d at 1181; *Calfas v. State*, 251 So. 3d 847 (Fla. 2d DCA 2018).

PETITION GRANTED, ORDER QUASHED, and REMANDED for further proceedings.

EDWARDS, C.J., and EISNAUGLE, J., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

4